No. 12850

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

LARRY W. BURGESS,

Petitioner and Respondent,

-vs-

TONY SOFTICH, ADMINISTRATOR, LABOR
STANDARDS DIVISION, MONTANA DEPARTMENT
OF LABOR AND INDUSTRY,

Respondent and Appellant.

---

Appeal from: District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

Peter O. Maltese argued, Helena, Montana

For Respondent:

Berg, Angel, Andriolo and Morgan, Bozeman, Montana
Gregory O. Morgan argued, Bozeman, Montana

---

Submitted: January 9, 1975

Decided: MAY 14 1975

Filed: MAY 14 1975

*Thomas J. Kearney*
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a judgment entered in the district court, county of Gallatin, granting a writ of mandate directing the administrator of the Labor Standards Division, Montana Department of Labor and Industry to give petitioner Larry W. Burgess a full hearing on a claim for unpaid wages as provided by section 41-1302, R.C.M. 1947.

Petitioner was employed as a senior process engineer at Development Technology, Inc., Bozeman, Montana, from May 15, 1972, to October 10, 1973. On October 10, 1973, petitioner's employment was terminated and pursuant to the terms of his employment was given three months severance pay. Petitioner contends that under the terms of his employment he was to be paid at the rate of $1,500 per month, but the employer, Development Technology, Inc., refused to recognize this and paid him severance pay at the rate of $1,166 per month. Petitioner is attempting to collect the $1,000 which remains unpaid as severance pay at the claimed rate of $1,500 per month.

On December 13, 1973, petitioner assigned his claim for unpaid wages to the Montana Department of Labor and Industry, Labor Standards Division, pursuant to section 41, 1314.2, R.C.M. 1947.

On April 11, 1974, an agent of the Labor Standards Division informed petitioner that no hearing would be held as requested; that the agency's manpower and financial resources obligates the agency to be selective in its case load. Further that it was discretionary with the department whether or not to hold an administrative hearing.

On April 22, 1974, petitioner filed in the district court a petition for an alternative writ of mandamus compelling the department to hold a full administrative hearing pursuant to the Montana Administrative Procedure Act, Title 82, Chap. 42, Revised

Codes of Montana 1947, and the Montana Administrative Code to determine the validity of petitioner's claim, or to show cause why the department should not do so.

On the same day, April 22, the district court issued the writ and set the hearing for May 20, 1974. Twice the hearing was continued, until June 3, 1974. The department filed its motion to quash May 31, 1974, (1) alleging no clear legal duty, and (2) another plain, speedy and adequate remedy at law was available to petitioner. Petitioner filed a brief in support of the writ, and the department filed a brief in support of its motion to quash, prior to hearing on June 3, 1974.

On June 3, 1974, the court heard the motion to quash; continued the hearing on petitioner's writ of mandate pending decision on the motion to quash, and ordered further briefs. On June 21, 1974, the court denied the department's motion to quash. By memorandum the court held: that section 41-1302, R.C.M. 1947, raises the question of the department's statutory duty; further, that the department has adopted the relevant sections of the Montana Administrative Act; that integrating section 41-1314.2, R.C.M. 1947, on assignment of wage claims, makes the situation clearer; and then concluded:

> "That act by the respondent [the department] is a clear legal duty under the law. The discretion appears _after_ the hearing, not before."

The district court entered judgment granting the writ of mandate on June 28, 1974. From that judgment the department appeals, presenting two issues for review:

1. The Labor Standards Division has no clear legal duty to provide Larry W. Burgess with an administrative hearing.

2. An alternative, plain, speedy and adequate remedy in the ordinary course of the law exists.

Appellant department cites authority supporting the rule that for mandamus to lie there must be a clear legal duty and mandamus will not lie to control discretion; all parties and this Court agree.

Montana's Wage Payment Act, Title 41, Chap. 13, R.C.M. 1947, governs the payment of wages earned by employees by employers. Section 41-1302, R.C.M. 1947, provides:

> "It shall be the duty of the commissioner of labor to inquire diligently for any violations of this act, and to institute actions for the collection of unpaid wages and for the penalties provided for herein, in such cases as he may deem proper, and to enforce generally the provisions of this act." (Emphasis ours).

Respondent, petitioner in district court, fails in his argument that "actions" include "administrative hearings" as used to imply discretion in section 41-1302, R.C.M. 1947. Of the heretofore quoted portion of section 41-1302, the first part places a mandatory duty on the commissioner of labor to "inquire diligently", the second part to institute "actions" in such cases as he may deem proper, and the third part is mandatory as to enforcing the act. The language of this section is clear and unambiguous. It needs no interpretive help from this Court.

The only interpretation required concerns the scope of "inquire diligently". Section 41-1314.1, R.C.M. 1947, gives the department powers of investigation to determine violations of the act, including power to administer oaths, examine witnesses under oath, issue subpoenas, and take depositions and affidavits in any proceeding before the department. This section is compatible with holding a hearing and/or investigation. Standing alone it does not resolve the issue here, as contended by appellant.

The trial court and respondent discuss section 41-1314.2, R.C.M. 1947, yet appellant dismissed it very casually in its reply brief by the assertion that it only applies after the commissioner makes a "determination". This section is authority to take wage assignments and states in part:

> "Whenever the commissioner determines that one or more employees have claims for unpaid wages, he shall, upon the written request of the employee, take an assignment of the claim in trust for such employee, and may maintain any proceeding appropriate to enforce the claim, including

liquidated damages pursuant to this act. With the written consent of the assignor, the commissioner may settle or adjust any claim assigned pursuant to this section." (Emphasis ours).

Section 41-1314.2 is one that grants additional authority to the commissioner as it relates to taking assignment of claims in trust. The words "and may maintain any proceeding appropriate to enforce the claim" are words of authority to proceed as a trustee of the employee's claim and not to be construed as granting any discretionary status as it relates to enforcement of the claim or the law generally. It does, however, establish that a determination shall be made and thereafter on request the commissioner shall take the assignment of the claim "in trust" and proceed in a proper manner.

One of the sections of/the Montana Wage Payment Act, passed in 1974, section 41-1314.4, does provide more legislative intent and (though not binding in the instant case as to content), read with section 41-1314.2, R.C.M. 1947, quoted above, adds additional authority for the commissioner to enforce claims in this language:

"41-1314.4. Court enforcement of commissioner's determination. A determination by the commissioner of labor and industry made after a hearing as provided in Title 41, chapters 13 and 23, R.C.M. 1947, may be enforced by application by the commissioner to a district court for an order or judgment enforcing the determination, if the time provided to initiate judicial review by the employer has passed. The commissioner shall apply to the district court where the employer has its principal place of business, or in the first judicial district of the state. A proceeding under this section is not a review of the validity of the commissioner's determination." (Emphasis ours).

Appellant argues this language only makes the process more discretionary, and that "the Commissioner may enforce his determination; he need not do so." (Emphasis ours).

This argument suffers from the same problem as that argued as to section 41-1314.2 heretofore:---the failure to realize that this is a section primarily granting authority and not discretion. Section 41-1314.4 grants considerable authority to the commissioner in fact, it speaks to the authority the commissioner has in regard to

- 5 -

judicial enforcement of his determinations including the fact that the commissioner's determination is not reviewable under the authority of the section. It speaks of a determination after hearing. Reading the two sections together, we find a determination must be made and for judicial enforcement there must be a hearing.

At this point appellant department's argument that the commissioner can make an effective "diligent inquiry" to reach a determination by "investigation" only without a hearing, loses a great deal of its persuasion, if only because the determination cannot be judicially enforced without a hearing under the language of section 41.1314.4, R.C.M. 1947.

Appellant's argument that no duty to hold a hearing exists under any circumstances because of administrative problems or if a case arose where the commissioner clearly lacked jurisdiction or utter chaos and atronomical waste of state resources may result is not germane to the problem here and simply begs the question at hand.

Further, the trial court and respondent have relied in part on the Montana Administrative Procedure Act, Title 82, Chap. 42, R.C.M. 1947 and the Montana Administrative Code. The Montana Administrative Procedure Act was passed in 1972 to implement Article VI, Section 7, 1972 Montana Constitution and provide the framework regarding functions, powers, and duties of executive agencies and to compile and publish the Montana Administrative Code. Each agency was responsible for providing its portion of the Code within the format prescribed.

Section 82-4209, R.C.M. 1947, of the Administrative Procedure Act provides that in a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice. A contested case under section 82-4202(3), means any proceeding before an agency in which a determination of legal rights, duties, or privileges of a party is required by law to be made after an opportunity for a hearing.

Section 82-4202, R.C.M. provides:

"Definitions. For purposes of this act:

"(1) 'Agency' means any board, bureau, commission, department, authority or officer of the state government authorized by law to make rules and to determine contested cases * * *.

"* * *

"(3) 'Contested case' means any proceeding before an agency in which a determination of legal rights, duties or privileges of a party is required by law to be made after an opportunity for hearing. * * *". (Emphasis ours).

Section 82-4209, R.C.M. 1947, provides:

"Notice-hearing-record. (1) In a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice."

The Montana Department of Labor and Industry under its organizational rule of the Administrative Code, 24-2.1-0100(2)(b), has charged its Labor Standards Division with the "duty of enforcing all the laws of Montana relating to hours of labor, conditions of labor, prosecution of employers who default in payment of wages, protection of employees * * *." The Labor Standards Division adopted model procedural rules proposed by the attorney general at 24-3.14(2)-P1410, Montana Administrative Code, as contained in Title 1, Sub-chapter 2, Rules of Procedure 1-1.6(2)-P640 through 1-1.6(2)-P6320, Montana Administrative Code.

The model procedural rules adopted by the Labor Standards Division comment further on the definition of "contested case" defined in section 82-4202(3), R.C.M. 1947, at 1-1.6(2)-P6070, (2) (a), Montana Administrative Code:

"Contested cases provide an opportunity for a person to obtain a hearing before an agency to contest the agency's intended action against him or action which directly affects him." (Emphasis ours).

Subdivision (3) of 1-1.6(2)-P6070, generally states that among the essential requirements of a contested case are a fair hearing, the right to judicial review upon a proper record, and all of the elements of due process.

Appellant department does not comment on the application of these Montana code sections and Montana Administrative Code sections other than to assert that there is no application here because a "contested case" implies a hearing which the commissioner is not by law required to provide a wage claimant. This argument overlooks the fact that the sections of the Administrative Code which make it clear that a hearing must be granted in this case where the board ruled against the petitioner or its action directly affects him, were voluntarily adopted by the department as the law regulating procedure before it.

Appellant further alleges that respondent has an alternative, plain, speedy and adequate remedy in the ordinary course at law so mandamus must fail in any event. It cites section 93-9103, R.C.M. 1947, and numerous Montana cases in support. The alternative, plain, speedy and adequate remedy proposed by appellant is an alternate method of wage collection under the statute that does not involve the Labor Department.

It appears that appellant has misconstrued section 93-9103, R.C.M. 1947. To deny mandamus under section 93-9103, there must be a plain, speedy and adquate remedy in the ordinary course of law, that can be pursued by the petitioner to compel the performance of an act which the law has imposed as a duty, i.e. an alternate to supersede mandamus that is competent to afford the relief on the very subject matter of petitioner's application for a writ of mandate. State ex rel. Federal Land Bank v. Hays, 86 Mont. 58, 282 P. 32; State ex rel. Brink v. McCracken, 91 Mont. 157, 6 P.2d 869. Therefore the alternative suggested by appellant, not being within the contemplation of the doctrine of mandamus, must fail.

We conclude that in cases wherein the department's preliminary inquiry is against the wage claimant there is a clear, legal duty, upon request, to grant a hearing.

The judgment of the district court is affirmed. The cause is remanded to the district court for determination of attorney fees and costs.

_____
Justice

We Concur:

------------------------------------
Chief Justice

------------------------------------

------------------------------------
Justices.

Mr. Chief Justice James T. Harrison dissenting:

I dissent.

I do not feel that the laws with relation to payment of wages and protection of discharged employees should be interpreted to require the Commissioner of Labor to hold a hearing upon demand. If a claim asserted by a discharged employee, upon investigation by the Commissioner, appears to be without merit I would not burden the Commissioner by requiring him to hold a hearing to determine what he already knows - the claim lacks merit.

Nothing is taken away from an employee, if he is not satisfied with the Commissioner's view he can institute a suit under the statutes and if he is successful he will recover his wages, costs, penalty and attorney fees.

_____
Chief Justice.

- 9 -

Mr. Justice Castles dissenting:

I dissent. The language of section 41-1302, R.C.M. 1947, is clear that the authority and discretion of the Labor Standards Division is such that no one can demand a formal hearing. The duty of the commissioner is to "inquire diligently". That is all.

For analogous wording in a statute, section 16-3101, R.C.M. 1947, requires a county attorney to "diligently prosecute". Yet, we all recognize that those words mean that he shall exercise his discretion. Here, we have the words "inquire diligently". Obviously, it seems to me, an investigation and inspection would suffice.

Moreover, the remedy at law for enforcement of labor claims and wage collection under section 93-9103, R.C.M. 1947, is adequate, and thus mandamus would not be proper. Perhaps a writ of certiorari, but certainly not a writ of mandamus. State ex rel. Thompson v. Babcock, 147 Mont. 46, 490 P.2d 808.

Section 41-1314.2, R.C.M. 1947, authorizes, in effect, a power of attorney to the commissioner of labor. This alone dictates that the actions of the commissioner are discretional.

Also, the discussion of the effect of the Montana Administrative Procedure Act on the meaning of statutes previously enacted is retroactive reasoning. I do not agree.

I would reverse the district court and deny the petition for a writ of mandamus.

_____
Justice.