No. 14226

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

STATE OF MONTANA ex rel.
STATE TAX APPEAL BOARD,

        Relator and Respondent,

    -vs-

MONTANA BOARD OF PERSONNEL APPEALS,

        Respondents and Appellants.

---

Appeal from: District Court of the First Judicial District,
             Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

    For Appellants:

        Jerry L. Painter argued, Helena, Montana

    For Respondent:

        Smith and Harper, Helena, Montana
        Charles A. Smith III, argued, Helena, Montana

---

                Submitted: February 9, 1979

                  Decided: APR 2 5 1979

Filed: APR 2 5 1979

*Thomas J. Kearney*
              Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

On an appeal from a job classification by the Montana Department of Administration, the Personnel Division of that department determined the employee, Vernon Miller, was entitled to a classification of his position as Grade 14. Miller's employing state agency is the State Tax Appeal Board (STAB). A formal order directed to STAB requiring Miller's reclassification was issued by the Board of Personnel Appeals (BPA) on March 30, 1977. On April 1, 1977, STAB petitioned BPA for a hearing. BPA refused STAB a hearing on the ground that it was not a party to the proceeding before BPA. STAB made application to the District Court for a writ of mandamus to vacate BPA's order, and to require BPA to grant STAB a hearing. On January 23, 1978, the District Court, First Judicial District, Lewis and Clark County, entered its order in accordance with the prayer of STAB, requiring that the Montana Board of Personnel Appeals conduct a hearing in which STAB would be a necessary party and vacating BPA's order of May 24, 1977 reclassifying the employee's position.

The parties agree in briefs that the following are the facts in the case:

On November 4, 1976, Vernon B. Miller, an employee of the Montana State Tax Appeal Board, filed a grievance with the Montana Board of Personnel Appeals, alleging that he was misclassified as an Administrative Officer I, Grade 13, and that he should be reclassified as an Executive Secretary II, Grade 15. He filed his grievance under the authority of section 82A-1014, R.C.M. 1947, now sections 2-15-1705, 2-18-1011, 1012, 1013 MCA and section 24.26.403 M.A.C.

-2-

In accordance with the grievance procedure of section 24.26.403 M.A.C. (then section 24.3.8B(10)S8710 M.A.C.) two of the STAB members denied Miller's appeal and one supported his appeal. Miller then proceeded to step two of the grievance procedure and presented his appeal to Jack Crosser, Department Director. Crosser neither supported nor denied Miller's appeal, but merely recited the relationship that exists between STAB and the Department of Administration, was as an administratively attached body.

Miller then proceeded to step three of the grievance procedure, which is before the Personnel Division, Department of Administration. The Personnel Division audited the position, talking to the individual staff members and to Miller. It determined that Miller was indeed misclassified although in its final determination it found that Miller should be classified as an Executive Secretary I, Grade 14. Miller agreed to this classification. STAB, however, refused to comply with the Personnel Division's instruction to submit the necessary papers for the reclassification, whereupon Miller requested that the Board issue an order. On March 30, 1977, the Board issued an order to STAB finding that since Miller and the Personnel Division were in agreement as to Miller's classification, that Miller had been aggrieved by the operation of Title 59, Chapter 9, R.C.M. 1947, and was entitled to be reclassified.

On April 1, 1977, STAB wrote the Board protesting the BPA order of March 30, 1977, and demanded a hearing on Miller's proper classification.

On April 7, 1977, the administrator of BPA denied by letter the demand of STAB for a hearing on the ground that section 82A-1014, R.C.M. 1947, now sections 2-15-1705, 2-18-1011, 1012, 1013 MCA, the controlling statute, did not provide for an employer grievance as to the operation of Title 59, Chapter 9.

Thereafter, a hearing was set up for BPA to reconsider whether STAB should be given a hearing. This hearing was conducted on May 10, 1977 but no representative of STAB was present. The BPA after considering the matter, voted not to give STAB a hearing. On May 24, 1977, an order was issued by BPA denying STAB's petition for a hearing and ordering the upgrade of the position held by Vernon Miller.

On June 16, 1977, STAB filed its application for a writ of mandamus in District Court which resulted in the January 23, 1978 order.

Basically the issue in this cause is whether the Board of Personnel Appeals was required to grant STAB, the employer, a hearing on its employee's proper job classification.

BPA contends the extraordinary relief granted by the District Court was not proper in this case because there was no duty owed STAB. BPA argues that within the statutory scheme for resolving wage classification disputes of state employees there is no statutory allowance for representation by STAB as employer. Thus BPA has no power to entertain respondent's objections to the classification at a hearing.

STAB in essence contends the Montana Administrative Procedure Act (MAPA) applies to the proceedings before the BPA, and that STAB has a right to be heard as a "party" in a "contested case" under MAPA. See section 82-4209, R.C.M. 1947, now section 2-4-601, 612(1), 603, 614, 623(2) MCA.

Mandamus is an extraordinary remedy which lies to compel only a "clear legal duty". Butte Youth Service Center v. Murray (1976), ____Mont. ____, 551 P.2d 1017, 1019, 33 St.Rep. 610; Burgess v. Softich (1975), 167 Mont. 70, 535 P.2d 178; section 93-9102, R.C.M. 1947, now section 27-26-102(1) MCA. The essential question raised by this appeal thus becomes whether BPA had a clear legal duty to

-4-

hold a hearing at which STAB would be a party.  An analysis of the statutes and regulations involved constrains this Court to hold it did not.

In 1973, the legislature enacted section 59-903, et seq., R.C.M. 1947 (now section 21-8101 et seq., MCA) giving the Department of Administration the authority and duty to develop a wage and personnel classification plan for all state employees in order to provide uniformity in wages for state employment.  Within the Department of Administration, the Personnel Division, Classification Bureau, is charged with maintaining "a uniform job classification program for all classified employees of the State of Montana" and with assigning "appropriate grade levels for each position." Section 2-2.1-0100(2)(i)(1) M.A.C.  Generally, the employing agency initiates action for the reclassification of a position and is afforded the opportunity by the Personnel Division to have input into the division's decision.  Should the employee be dissatisfied with the classification or reclassification received, the employee may commence a grievance procedure before BPA pursuant to section 82A-1014(4)(a-d), R.C.M. 1947, now sections 2-18-1011, 1012, 1013 MCA and section 24.26.403 M.A.C.

The grievance procedure is composed of four steps.  The first two steps involve consideration of the employee's grievance within his department or agency.  Section 24.26.403 (1),(2) M.A.C.  If the employee remains dissatisfied he submits his appeal to the Personnel Division as the third step of the procedure.  Section 24.26.403(3) M.A.C.  The Personnel Division then reviews the matter, again accepting input from the employing agency, and renders a decision.  If the employee agrees with the Personnel Division the matter is ended.  If the employee is still not satisfied the matter is submitted to the Board of Personnel Appeals for resolution.

-5-

Section 24.26.403(4) M.A.C. The board then conducts an investigation or inquiry and makes a preliminary determination.

If the employee rejects this preliminary determination, the board is directed to conduct a hearing in accordance with the MAPA (Title 82, Chapter 42, R.C.M. 1947, now sections 2-4-101, et seq., MCA). The regulations are clear that the interests of the state in this hearing are represented by the Classification Bureau, Personnel Division, Department of Administration. Section 2-2.1-0100(2)(i)(1), M.A.C.

The board can, once it finds the employee aggrieved, order the appropriate agency to take action to resolve the grievance. Section 82A-1014(4)(c), now section 2-18-1012 MCA. The board or the employee may petition the District Court for enforcement of the board's order. Section 82A-1014(4)(d), now section 2-18-1013 MCA.

This review of the statutory framework and the regulations adopted to flesh out that framework makes plain that no clear legal duty existed on the part of the Board of Personnel Appeals to provide a hearing at which STAB would be a party. The dispute in this matter did not reach the point where a hearing was necessary according to the regulations. The employee and the Personnel Division agreed upon a classification, thus under the regulations the appeal was ended. Furthermore, even if this appeal could be construed as a "contested case" requiring a hearing under the MAPA, STAB could not participate as it is not a "party" within the meaning of MAPA. A contested case means any proceeding before an agency in which a determination of legal rights, duties, or privileges of a party is required by law to be made after an opportunity for hearing. Section 82-4203(3), now section 2-4-102 MCA. A "party" is a person or agency (1) named or admitted as a party or (2) properly seeking and entitled as of right to be admitted as a party. Section 82-4203(6), now section 2-4-102 MCA. STAB has not been named or admitted as a party. The dispute initially arose due to the employee's reclassification

-6-

by the Personnel Division.  Thus, the only way STAB can be considered a "party" is if STAB is properly seeking and entitled as of right to be a party.  But the statutes and regulations governing the classification procedure do not contemplate participation by the employing agency other than the opportunity for input into the Personnel Division's decision.  If and when the dispute reaches step four of the formal appeals procedure, the employee represents his interests and the Personnel Division through its Classification Bureau represents the interests of the state including, theoretically, those of the employing state agency.  Therefore the Board of Personnel Appeals had no clear legal duty, and no authority, to hear the objections of STAB.  This Court has made clear administrative agencies are bound by the terms of the statutes or regulations granting them their powers and are required to act accordingly.  State ex rel. Anderson v. State Board of Equalization (1957), 133 Mont. 8, 319 P.2d 221.  Thus, there was no "clear legal duty" to hold a hearing at which STAB would be a party.

STAB may have a legitimate concern about the classification of its employees.  Its remedy, however, is not in the courts under the present statutes.  It is within the legislative prerogative either to require the Personnel Division to give greater consideration to STAB's opinion, or to change the statutes to allow STAB input at a panel hearing should STAB not agree on a classification with the Personnel Division.

Therefore, the order of the District Court remanding this action back to BPA for a hearing is hereby vacated and the District Court is instructed to grant BPA's motion to dismiss the mandamus action.  No costs are allowed.

_____
                    Justice

-7-

We Concur:

_Frank I. Haswell_
Chief Justice

_Gene B. Daly_

_John Conway Harrison_

_Daniel J. Shea_
Justices