No. 80-119

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

INTERMOUNTAIN DEACONESS HOME
FOR CHILDREN,

        Plaintiff and Respondent and
        Cross-Appellant,

vs.

STATE OF MONTANA, DEPARTMENT OF
LABOR AND INDUSTRY, LABOR
STANDARDS DIVISION, DAVID FULLER et al.,

        Defendants and Appellants.

---

Appeal from:  District Court of the First Judicial District,
           In and for the County of Lewis and Clark.
           Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

    For Appellant:

    Paul Van Trich argued, Helena, Montana

    For Respondent:

        Luxan and Murfitt, Helena, Montana
        Dale E. Reagor argued and Gary Davis argued, Helena,
        Montana

---

Submitted:  January 16, 1981
Decided:  **FEB 2 0 1981**

Filed: **FEB 2 0 1981**

*Thomas J. Kearney* Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

The State Department of Labor and Industry, assignor of the wage claims of Sandra Shreves, and Larry and Sharon Hadley, appeals from an adverse order of the First Judicial District Court, Lewis and Clark County. Plaintiff, Intermountain Deaconess Home for Children, cross-appeals from the same order. Plaintiff brought this action in the District Court after receiving a notice of hearing from the Department regarding an alleged failure by plaintiff to pay minimum wages and overtime compensation to Larry and Sharon Hadley, and Sandra Shreves. Plaintiff requested the court to restrain the Department from holding the hearing and further requested the court to render a declaratory judgment on plaintiff's defense that the Department had failed to make a timely claim against plaintiff for the unpaid wages.

The court issued a temporary restraining order and an order to show cause. It set a hearing to determine the merits of plaintiff's action. In response to this action, the Department moved the court to dismiss the action and quash the restraining order.

The matter was submitted to the District Court on a stipulation of facts and issues. The court held that a five-year statute of limitations governs actions for collection of unpaid wages and benefits and that the statute of limitations had not yet been tolled by the Department's administrative efforts to pursue the wage claimants' alleged unpaid earnings.

The Department appeals contending that the District Court erred by holding that the Department's actions have not tolled the running of the statute of limitations. Plaintiff cross-appeals the court's conclusion that a five-year statute of limitations exists for these wage claims.

The Department presents two additional issues for review concerning the propriety of the restraining order and the power of the Department to determine the validity of wage claims. After considering the argument of both parties, we reverse the District Court order except for its conclusion that a five-year limitation period governs these wage claim actions.

Plaintiff is a Montana corporation located in Helena, Montana. During the period ending in June 1975, plaintiff employed Sharon Hadley and Sharon Shreves as houseparents. Sandra Shreves was employed by plaintiff from January 1974 to January 1975. Sharon Hadley was employed by plaintiff from January 1971 to July 1975. Larry Hadley claims compensation for alleged unpaid services rendered to plaintiff from January 1971 to July 1975.

On July 7, 1975, Sharon Hadley submitted a wage claim assignment form to the Labor Standards Division, State Department of Labor and Industry, claiming plaintiff failed to pay her for overtime work performed. On the same day, a Department compliance officer notified plaintiff by letter of Sharon Hadley's claim. On April 12, 1976, Sandra Shreves filed a similar wage claim form, asserting plaintiff failed to give her overtime pay. Larry Hadley did not file a wage claim assignment form with the Department. The Department is proceeding on its own to pursue Larry Hadley's claim.

In 1977, the Department audited the plaintiff's bookkeeping accounts and sent a letter to plaintiff demanding over $40,000, for back wages owed to its employees and former employees.

In February 1979, the Department served plaintiff with a notice of opportunity for hearing, scheduled for March 9,

1979, with regard to the Hadley and Shreves wage claims. The notice provided that "failure . . . (to appear to contest the wage claims) will result in an automatic determination in favor of Sharon Hadley, Sharon Shreves and Larry Hadley in the amount of $22,997.04. If necessary, the Labor Standards Division will enforce (this determination) . . . in District Court . . ."

On March 5, 1979, plaintiff petitioned the District Court for a temporary restraining order and declaratory judgment. The plaintiff alleged the wage claims were barred by the statute of limitations. The court granted the plaintiff's petition for a temporary restraining order. The court ordered the parties to submit an agreed statement of facts, proposed findings and conclusions and briefs necessary to determine plaintiff's statute of limitations question.

The issues presented by the parties to the District Court included:

1. What statute of limitations applies to these wage claims?

2. What action, if any, taken by any parties, ends or tolls the running of the statute of limitations?

With regard to these issues, the District Court held as follows:

> "Chapter 3 of Title 39, Sections 39-3-101, et seq., M.C.A. authorizes the State Commissioner of Labor to conduct investigations of wage claims and violations, to take wage assignments and effect compromises or to maintain proceedings to enforce claims. The commissioner may hold hearings and make determinations and, if a judicial review of the determination is not taken, may apply to the District Court for a judgment in which case the validity of the commissioner's determination is not in issue.
>
> "The statutes also empower the employee to maintain a suit in District Court. As to the maintenance of the suit by the employee, the Montana Supreme Court in Pope v. Keefer, (_____ Mont. _____, 591 P.2d 201,) 36 St.Rep. 366 has held that there exists dual remedies

-4-

available to the employee, i.e., the admini-
strative procedure through the Commissioner
of Labor or directly through the court and that the
employee does not have to exhaust his administrative
remedy before applying to the court. The Supreme
Court in the Pope case, supra, held the five year
statute applicable in a situation similar as it
presented here.

"...

"This Court concludes on the basis of the Pope
authority that the five year statute governs here.

"The next question before the Court is what
activity tolls the running of the statute of
limitations.

"...

"It is the view of this Court that the statute
is tolled only, as the statute itself provides,
when an action is commenced which may result in
a judgment by a court."

In addition to these conclusions, the District Court

included the following additional conclusion of law:

"M.C.A. 1978, Section 39-3-210 gives the Depart-
ment of Labor and Industry the authority to conduct
an investigatory hearing only. When this investi-
gation discloses violations of the statute, M.C.A.
1978, Section 39-3-209 requires the commissioner to
institute actions for collection of unpaid wages
& penalties."

We find the District Court correctly interpreted our

decision in Pope, supra, holding that the five-year statute

of limitations governs this minimum wage dispute. We affirm

this portion of the court order. The payment of a minimum

wage is an integral part of the employment contract. Wage

disputes grow out of the contractual relationship of employer

and employee. Our wage protection statutes are designed to

protect employees who are unable to bargain in the competitive

job market and enter into employment contracts which pay an

adequate wage. See, section 39-3-401, MCA. Our Pope decision

allows wage claimants action to collect unpaid minimum wages

up to five years on an oral employment contract after the

wages become due and payable.

The rest of the District Court order is in error and must be reversed. The court erred in finding that the statute of limitations was not tolled by the actions taken by the Department. The court further erred in restraining the Department from proceeding to its hearing and in gratuitously concluding that the Department has only investigatory wage enforcement powers.

The statute of limitations was tolled in this case when plaintiff received the Department's demand letter notifying plaintiff of each claimant's minimum wage claims. The court erred by concluding that only court action tolls the running of this statute of limitations. The statute of limitations for wage claims may be tolled by an active, timely administrative pursuit of the unpaid wages that gives notice to the employer. We recently decided this issue in State, Dept. of Labor v. Wilson (1980), _____ Mont. _____, 614 P.2d 1066, 37 St.Rep. 1393:

> "The question remains: (in wage claim enforcement cases) Is the statute of limitations tolled by the commencement of formal administrative proceedings, or must an action be commenced by the Department's filing a complaint with the District Court?
>
> ". . .
>
> "In an administrative setting, where the agency acts to enforce the (Minimum Wage) law on its own initiative this action is the equivalent of the filing of a civil complaint. The Department's . . . (demand letter to the employer) fulfilled the purposes of a complaint by giving . . . notice of the claim being made against them."

The District Court further erred in granting the restraining order and in concluding that the Department possessed only investigatory powers in the enforcement of the minimum wage statutes. Both errors only complicated the administrative process of determining the validity of the claimant's wage claims and the inexpensive processing of

these claims. Plaintiff requested and received a restraining order by alleging that the Department's action impaired its right to be free from the defense of stale wage claims. This alleged but unproven harm alone does not sufficiently threaten plaintiff's individual rights to justify court-ordered restraint of the Department. The statute of limitations defense could be inexpensively and easily asserted at the Department's administrative hearing. See, Jeffries Coal Co. v. Industrial Accident Board (1952), 126 Mont. 411, 252 P.2d 1046.

The court's conclusion that the Department holds only investigatory power impliedly conflicts with our opinion in Burgess v. Softich (1975), 167 Mont. 70, 535 P.2d 178. In Burgess, we held that the Department is required not only to inquire diligently into the validity of wage claims but to determine their validity in a hearing.

The order of the District Court is affirmed in part and reversed in part. This cause is remanded to the District Court, for proceedings in conformance with this opinion.

_____
                Justice

We Concur:

_____
   Chief Justice

_____

_____

_____
     Justices

-7-