JOHN MASONOVICH, INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED, PLAINTIFFS AND RESPONDENTS, *v.*
SCHOOL DISTRICT NO. 1 AND BUTTE TEACHERS' UNION
LOCAL 332-AFL-CIO ET AL., DEFENDANTS AND APPELLANTS.

No. 14045.
Submitted On Briefs April 5, 1978.
Decided Aug. 9, 1978.
582 P.2d 1234.

Poore, McKenzie, Roth, Robischon & Robinson, Donald C.
Robinson, and J. Brian Tierney, Butte, for defendants and appel-
lants.

Mark P. Sullivan, Butte, for plaintiffs and respondents.

MR. CHIEF JUSTICE HASWELL delivered the opinion of the Court.

Defendants appeal from the judgment of the District Court, Silver Bow County, awarding plaintiff his court costs and $1,500 in attorney fees as "damages", assessed equally against each defendant.

This case arose out of the teachers' strike in the Butte School District on May 13, 1977. Plaintiff filed a class action suit for an injunction on May 16, 1977. Plaintiff sought a preliminary injunction against the strike and an order requiring negotiations to resume between defendants.

On May 17, 1977, defendant School District No. 1 filed an answer, cross-complaint and petition for an injunction against defendant Butte Teachers' Union. School District No. 1 sought this injunction to end the strike. A hearing was held that day on plaintiff's complaint and the school district's cross-complaint. The court entered a temporary restraining order enjoining the strike.

On June 13, 1977, plaintiff filed a memorandum of costs, which included his attorney fees as costs. On June 20, defendant school district filed objections to this memorandum. Thereafter, defendant school district filed motions for a permanent injunction and entry of judgment.

On August 18, 1977, the District Court entered its findings, conclusions and judgment, awarding costs and attorney fees to plaintiff. Following denial of their motions to vacate or amend the judgment, defendants appeal.

The sole issue before this Court on Appeal is whether the District Court erred in awarding costs of $46 and attorney fees of $1,500 to plaintiff. The reasonableness of the costs and attorney fees is not in dispute. The question to be determined is whether they were properly awardable to plaintiff.

■ We hold the District Court erred in awarding costs to plaintiff against defendant School District No. 1. Plaintiff, however, is entitled to recover his costs from defendant Butte Teachers' Union.

■ We have long followed the rule in this state that the District Court's power to award costs is purely statutory and, unless some statutory authority exists for such an award, any award of costs is erroneous. *Lunardello v. Republic Coal Co.* (1935), 101 Mont. 94, 53 P.2d 87. Section 93-8602(6), R.C.M.1947, authorizes the awarding of costs to a successful plaintiff in an action for an injunction. Thus, there is statutory authority for an award of costs in this case.

But, plaintiff cannot recover his costs from both defendants. Plaintiff is not entitled to an award of costs against defendant School District No. 1. This is because plaintiff did not obtain judgment in his favor as against the school district. School District No. 1 was also seeking an injunction to end the strike. When the injunction was granted, plaintiff and defendant School District No. 1 obtained judgment in their favor against defendant Butte Teachers' Union. Therefore, plaintiff is entitled to an award of his $46 in costs assessed against defendant Butte Teachers' Union.

■ Plaintiff is not entitled to his attorney fees as a part of his costs. Section 93-8618, R.C.M.1947, defines what are recoverable costs. Attorney fees are not included in the list of recoverable costs. We have held that the list of items, in this section, is exclusive except for cases taken out of its operation by special statute, by stipulation of parties, or by rule of court. *Roseneau Foods, Inc. v. Coleman* (1962), 140 Mont. 572, 374 P.2d 87. None of these exceptions are applicable in this case.

We hold that the characterization of the attorney fees as "damages" cannot save that award. First of all, plaintiff's complaint was for injunctive relief. He did not specifically plead any damages. The rule in this jurisdiction is that the prayer for relief cannot enlarge the relief sought by the allegations of the complaint. *Murray et al. v. Creese et al.* (1927), 80 Mont. 453, 260 P. 1051. Thus, the broad general prayer for relief made by plaintiff does not

authorize awarding damages. Second, even if there was a prayer for damages, plaintiff's attorney fees should not be recoverable as such.

"Generally, there can be no recovery as damages of the expenses of litigation and attorney fees unless authorized by statute or contract." 25 C.J.S. Damages § 50, at 777.

In this case, there is no contract or statute which would authorize as damages plaintiff's attorney fees.

This case is not controlled by our recent decision in *Foy v. Anderson* (1978), 176 Mont. 507, 580 P.2d 114. In *Foy*, we granted the defendant attorney fees in the absence of contract or statute. That case is distinguishable on its facts.

In *Foy*, the award of attorney fees was not an award of "damages". It was solely an award of attorney fees. Here, the award is one of "damages" and the general rule, requiring a statute or contract to authorize the award, must control.

Further, in *Foy*, the party that was awarded attorney fees, obtained that award because of the circumstances of the case. The *Foy* case involved a third party declaratory judgment action. This action arose out of a personal injury suit. The defendant in that suit instituted the third party action. One of the third party defendants had to obtain the services of an attorney to advise her as to what to do. Through his help, the third party defendant was dismissed from the action. This Court decided that due to the circumstances, the third party defendant was entitled to have her attorney fees paid by the third party plaintiff, who had forced her to obtain an attorney. In the instant case the plaintiff's position is entirely different from the third party defendant's position in *Foy*.

Here, plaintiff obtained an attorney to institute legal action. He did not obtain an attorney to help him defend against a claim against him as in *Foy*. Plaintiff freely chose to obtain the services of a private attorney to institute a suit against others. He was not forced to take part in a legal action, which happened to the third party defendant in *Foy*. *Foy* is distinguishable on this basis and is not controlling in this case.

Therefore, that part of the judgment of the District Court, awarding attorney fees to plaintiff, is reversed. That part of the judgment awarding costs to plaintiff is reversed as to defendant School District No. 1 and affirmed as to defendant Butte Teachers' Union.

Judgment reversed in part and affirmed in part.

MR. JUSTICES HARRISON, DALY, SHEA and SHEEHY concur.