No. 82-460

IN THE SURPEME COURT OF THE STATE OF MONTANA

1983

---

GENE COOK AND FRED BELL, d/b/a
COOK-BELL REAL ESTATE,

        Plaintiffs and Respondents,

   -vs-

EDWARD J. HARRINGTON and MARCELLE
D. HARRINGTON,

        Defendants and Appellants.

---

Appeal from: District Court of the Eighteenth Judicial District,
            In and for the County of Gallatin, The Honorable
            Joseph B. Gary, Judge presiding.

Counsel of Record:

    For Appellant:

        Gregory O. Morgan, Bozeman, Montana

    For Respondent:

        Kirwan & Barrett; Stephen M. Barrett, Bozeman,
        Montana

---

Submitted on Briefs: January 20, 1983

Decided: April 21, 1983

Filed: APR 21 1983

*Ethel M. Harrison*

Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The defendants, Edward J. and Marcelle D. Harrington, the prevailing parties in trial court, appeal an order of the Gallatin County District Court denying their post-summary judgment motion for attorney fees based on a real estate buy-sell agreement which provided that the prevailing party in an action commenced on the contract would be entitled to recover attorney fees. The trial court erroneously applied the bill of costs statute (section 25-10-501, MCA) and ruled that the time for claiming attorney fees had expired. Harringtons contend that in essence they moved to amend the judgment, and because a notice of entry of judgment had never been filed, their motion for attorney fees was timely. We vacate the trial court's order and remand the case for the setting of a reasonable attorney fee.

The procedure of the case places the issue in context. On September 4, 1979, Harringtons signed a contract for the purchase of a tract of land from Cook and Bell, d/b/a Cook-Bell Real Estate. This contract provided for a reasonable attorney fee to the prevailing party in an action commenced on the contract.

On October 27, 1980, Cook and Bell filed a complaint in trial court alleging that under the written contract and various oral agreements Harringtons had agreed to pay a real estate commission to Cook and Bell and that Harringtons had failed to pay the agreed commission. Based on the written contract, the prayer for relief also asked that Harringtons pay a reasonable attorney fee.

Harringtons answered the complaint by denying the existence of any written agreement to pay a commission. Section 28-2-903(1)(e), MCA, requires that an agreement to pay a commission must be in writing. Based on the written contract, Harringtons also counterclaimed for an attorney fee.

The trial court granted summary judgment to Harringtons on the real estate commission issue, holding that written evidence of an agreement to pay a commission did not exist. In the order granting the summary judgment the trial court failed to rule in the attorney fee issue. The order stated:

> "Pursuant to the above and foregoing, IT IS HEREBY ORDERED that summary judgment is hereby entered on behalf of the defendants [Harringtons] and defendants [Harringtons] shall have their costs in the sum of $_____.

"Dated this 30th day of September, 1981."

No notice of entry of this summary judgment has ever been filed.

More than four months later, on February 11, 1982, Harringtons filed a motion to set an attorney fee in the amount of $1,226.64, and noticed it up for a hearing. The trial court held a hearing on February 22, 1982 and took the matter under advisement for approximately seven months.

On September 9, 1982, the trial court denied Harringtons' motion for attorney fees because it had not been filed within five days of the entry of the judgment. The court relied on section 25-10-501, MCA, which provides that "[t]he party in whose favor judgment is rendered and who claims his costs must deliver to the clerk and serve upon the adverse party, within 5 days after the verdict or notice of the decision of the court . . . a memorandum of the items of

his costs . . ." This statute, however, does not apply to attorney fees.

Title 25, Chapter 10 of the Montana Code Annotated deals with the imposition and allowance of costs. Recoverable costs are listed in section 25-10-201, MCA, and do not include attorney fees. With certain limited exceptions, we have held that list to be exclusive. Masonovich v. School Dist. No. 1 (1978), 178 Mont. 138, 582 P.2d 1234. Attorney fees are not one of those exceptions.

Cook and Bell have agreed in their brief that Harringtons' motion for attorney fees was essentially a motion to amend the judgment. Rule 59(g), M.R.Civ.P., controls the timely filing of a motion to amend a judgment. It provides that "[a] motion to alter or amend the judgment shall be served not later than 10 days after the notice of the entry of the judgment. . ." Because no notice of entry of judgment has ever been filed in this case, the time for filing a motion to amend the judgment had not expired. Therefore, Harringtons' motion for attorney fees was timely and the trial court should have considered it on its merits.

We vacate the trial court's order denying the motion for attorney fees and remand the case to the trial court to determine a reasonable attorney fee.

Justice

- 4 -

We Concur:

_____
Chief Justice

_____

_____

_____
Justices