No. 84-409

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

LEON SCHILLINGER and AGRI-STRUCTURES,
INC.,

               Plaintiffs and Appellants,

    -vs-

KEVIN BREWER,

               Defendant and Respondent.


APPEAL FROM: District Court of the Sixteenth Judicial District,
In and for the County of Rosebud,
The Honorable Alfred B. Coate, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        Cate Law Firm, Billings, Montana

    For Respondent:

        Brown & Huss, Miles City, Montana


               Submitted on Briefs: Jan. 24, 1985

                    Decided: April 2, 1985

Filed: APR 2 1985

*Ethel M. Harrison*

—————————————————
               Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Plaintiff appeals from judgment for plaintiff on a foreclosure of a mechanic's lien entered by the District Court of the Sixteenth Judicial District, Rosebud County. After a rejected offer of settlement, the judge following trial found for plaintiff with an offset for defendant that reduced the judgment below the amount of the offer. The court granted attorney fees as costs to defendant after the date of the offer, as stipulated to by counsel, and reduced the award further. Plaintiff represented by substitute counsel moved to alter or amend or to set aside the judgment. At hearing, the court denied plaintiff's motion and assessed further attorney fees as costs to the plaintiff.

We reverse the award of attorney fees to defendant and remand for appropriate proceedings. We hold that respondent was entitled by law only to costs and not attorney fees after the March 8, 1983, rejected offer of settlement, pursuant to Rule 68, M.R.Civ.P. Appellant, in prevailing in establishing his lien, is entitled to costs up to the date of the March 8, 1983, rejected offer and to a reasonable attorney fee for the entire action in the District and Supreme Courts, pursuant to § 71-3-124, MCA. On remand the court is to consider evidence on the reasonableness of attorney fees and to assess legal interest based upon the initial unadjusted award.

Appellant has raised the following issues on appeal:

(1) Does Rule 68, M.R.Civ.P., which allows costs to offeror after date of a rejected offer if final judgment is less than offer, include attorney fees as costs in a foreclosure of a mechanic's lien?

2

(2) Is the appellant bound by stipulation of his counsel where there is an error timely brought to the attention of the court?

Leon Schillinger and Agri-Structures, Inc., entered into a contract with Kevin Brewer for the sale and construction of three metal grain bins. Brewer made a down payment of $2,600 on a $17,400 purchase price. The contract called for completion by August 1, 1982. Although not complete until August 15, 1982, parties orally agreed to proceed on the contract. Brewer then refused to pay the balance of the purchase price, claiming that plaintiffs had not placed "two strains of rebar" in the concrete foundation as agreed. Plaintiffs added rebar to a concrete collar around the bins. Brewer continued to refuse to pay.

Plaintiffs filed a mechanic's lien on the three grain bins on October 26, 1982, and sued to foreclose on January 11, 1983. On March 8, 1983, pursuant to Rule 68, M.R.Civ.P., defendant offered to allow judgment to be taken against him in the amount of $12,250, together with costs accrued to plaintiffs to the date of the offer. Plaintiffs rejected the offer and proceeded to trial.

The court in its findings of fact and conclusions of law on June 7, 1984, stated that the construction and repairs were not done in a workman-like manner and that repair of the bins to suit their purpose would cost $7,200. Thus defendant owed $14,800 on the original purchase price less $7,200 for the cost of repairs for a balance of $7,600 plus interest, allowable costs, and attorney fees to plaintiff as the prevailing party in a lien foreclosure. The court reserved decision on the final award because "pursuant to Rule 68, the defendant may not be liable for costs."

3

Counsel for both parties stipulated on June 27, 1984, at the entry of judgment to costs and attorney fees, allowing defense counsel fees as costs after the date of the rejected offer. Contending that plaintiff was bound by the act of his counsel when entered on record, respondent later claimed that the stipulation of June 27, 1984, and the judgment entered on the stipulation correctly included attorney fees as costs in a mechanic's lien foreclosure. In fact, the stipulation mentions only the adjusted amount but apparently incorporates the defendant's bill of costs. The entire text follows:

> "COME NOW, . . . , as attorney for the above named Plaintiffs, and . . ., as attorney for the above named Defendant, and stipulate and agree that Judgment can be entered for the Plaintiff against the Defendant in the amount of $5,776.69."

Upon receiving service of notice of entry of judgment, plaintiff sought new counsel who filed a timely motion to alter or amend the judgment or to grant relief from the judgment because of the mistake allowing attorney fees to defendant and denying fees to plaintiff after the date of the Rule 68 offer. Following hearing, the court denied the motion and issued its order concluding that attorney fees are included in costs in the foreclosure of mechanic's liens and granting the defendant additional attorney fees.

Issue No. 1. Attorney fees as "costs"? Respondent contends that costs include attorney fees in lien foreclosure actions. In reading the lien foreclosure statute, however, we find no language to subsume fees under costs.

> "Filing costs and attorneys' fees to be recovered on foreclosure of liens. In an action to foreclose any of the liens provided for by parts 3, 4, 5, 6, 8, or 10 of this chapter, the court must allow as costs the money paid for filing and recording the lien and a reasonable

4

> attorney's fee in the district and
> supreme courts, and such costs <u>and</u>
> attorneys' fees must be allowed to each
> claimant whose lien is established, and
> such reasonable attorneys' fees must be
> allowed to the defendant against whose
> property a lien is claimed if such lien
> be not established." Section 71-3-124,
> MCA. (Emphasis added.)

The statute distinguishes between fees and costs. Defendant is entitled to fees only if the lien is not established, i.e., only if defendant prevails. Here, appellant prevailed and is entitled to attorney fees for the entire action.

The language of the lien foreclosure statute refutes respondent's argument that fees are costs under Rule 68, M.R.Civ.P., which only mentions "costs":

> "<u>Offer of judgment</u>. . . . An offer not
> accepted shall be deemed withdrawn and
> evidence thereof is not admissible
> except in a proceeding to determine
> costs. If the judgment finally obtained
> by the offeree is not more favorable
> than the offer, the offeree must pay the
> costs incurred after the making of the
> offer. . . ." Rule 68, M.R.Civ.P.

In an endeavor to make an exception to the general rule, respondent notes that attorney fees may or may not be included in the bill of costs.

> "<u>Inclusion of attorney's fees in bill of
> costs</u>. The attorney's fees mentioned in
> 30-9-511, 71-1-233, 71-3-124, and
> 25-10-303 need not be included in the
> cost bill if they are made a part of the
> judgment." Section 25-10-302, MCA.

The bill of costs, however, includes more than costs, and does not render fees synonymous with costs.

> "<u>Bill of costs</u>. The party in whose
> favor judgment is rendered and who
> claims his costs must deliver to the
> clerk and serve upon the adverse party
> . . . a memorandum of the items of his
> costs <u>and</u> necessary disbursements in the
> action or proceeding . . ." Section
> 25-10-501, MCA. (Emphasis added.)

5

Neither statute says that fees are costs, only that fees may be excluded from the bill of costs if made a part of the judgment in specified actions where fees are allowed.

By statute costs generally allowable do not include attorney fees.

> "Costs generally allowable. A party to whom costs are awarded in an action is entitled to include in his bill of costs his necessary disbursements, as follows:
>
> "(1) the legal fees of witnesses, including mileage, or referees and other officers;
>
> "(2) the expenses of taking depositions;
>
> "(3) the legal fees for publication when publication is directed;
>
> "(4) the legal fees paid for filing and recording papers and certified copies thereof necessarily used in the action or on the trial;
>
> "(5) the legal fees paid stenographers for per diem or for copies;
>
> "(6) the reasonable expenses of printing papers for a hearing when required by a rule of court;
>
> "(7) the reasonable expenses of making transcript for the supreme court;
>
> "(8) the reasonable expenses for making a map or maps if required and necessary to be used on trial or hearing; and
>
> "(9) such other reasonable and necessary expenses as are taxable according to the course and practice of the court or by express provision of law." Section 25-10-201, MCA.

"With certain limited exceptions, we have held the list to be exclusive. Attorney fees are not one of the exceptions." Cook v. Harrington (Mont. 1983), 661 P.2d 1287, 1288, 40 St.Rep. 580, 582.

We have indicated that certain cases, however, will be taken out of the operation of this statute by special

6

statute, by stipulation of the parties, or by rule of court. Masonovich v. School District & Teachers Local 332 (1978), 178 Mont. 138, 140, 582 P.2d 1234, 1235. Here the statutes relied upon do not equate attorney fees with costs by any express provision. We hold the court in error to rule that attorney fees are costs in mechanic's lien foreclosure actions.

Issue No. 2: Stipulation of counsel adequate to make attorney fees into costs? Respondent claims that parties are bound by the stipulation of counsel once entered upon the record, relying on § 37-61-401, MCA:

> "Authority of attorney. (1) An attorney and counselor has authority to:
>
> "(a) bind his client in any steps of an action or proceeding by his agreement filed with the clerk or entered upon the minutes of the court and not otherwise . . ."

Respondent cites case law where parties negotiated and signed a stipulation as compromise of a settlement and then later applied for their day in an adversary administrative proceeding. Smith v. Baxter (1966), 148 Mont. 291, 419 P.2d 752. There parties were bound, because the stipulation once entered became a final judgment on the merits with prejudice and barred the action in another forum.

Section 37-61-401, MCA, was drafted not to bind clients irrevocably to any action the attorney enters upon the record. Rather, this statute found in the chapter regulating the practice of attorneys enables an attorney to act on behalf of his client and to make his actions part of the record. His action binds the client at that step of the proceeding. In this case it does not prevent the attorney

from resorting to any other actions or remedies allowed at law.

Following the notice of entry of judgment by stipulation, appellant made a timely motion for relief from judgment under Rule 60(b), M.R.Civ.P., or alternatively, to alter or amend the judgment under Rule 59(g), M.R.Civ.P. A judgment by stipulation is as binding as any judgment or verdict, no more or less. Appellant argues that if nothing else, it was a mistake of counsel to enter into a stipulation which was erroneously against the interest of his client without the consent of the client, and for this mistake he should be excused from the judgment under Rule 60(b)(1), M.R.Civ.P. Respondent argues that a mistake of law is not a "mistake" of excusable neglect or inadvertence under Rule 60(b) and therefore prevents relief from judgment. Uffleman v. Tabbitt (1968), 152 Mont. 238, 244, 448 P.2d 690, 693; Schmidt v. Jomac, Inc. (Mont. 1982), 639 P.2d 517, 519, 39 St.Rep. 130, 132.

This "mistake of law," however, is attributable not only to appellant's attorney, but also to respondent's attorney and to the trial court. This "mistake" is an error inherent in the proceedings. Appellant's first attorney admitted at the hearing on the motion for relief from or amendment of judgment that he still held the opinion that costs included attorney fees in a mechanic's lien action. The court in its order following the hearing on the motion erroneously concluded that attorney fees were costs in a mechanic's lien foreclosure. Based on that error and not upon the stipulation of the attorneys, the court denied the motion to set aside or to alter or amend the award of attorney fees.

8

We hold the lower court in error for its failure to alter or amend the judgment upon a timely application where the judgment was clearly erroneous. The court was responsible for a correct application of the law in accepting the stipulation and later in ruling on whether to alter or amend the judgment thereby entered. In error, the court concluded that costs included attorney fees in a lien foreclosure and so stated in its final order.

Reversed and remanded.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

9