No. 88-277

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

IN THE MATTER OF THE ESTATE OF
ROBERT E. STONE, deceased.

_____

APPEAL FROM:   District Court of the Fifth Judicial District,
               In and for the County of Madison,
               The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                David N. Niklas, Helena, Montana
                C. Bruce Loble, Helena, Montana

        For Respondent:

                David A. Grauman; Jardine and Grauman, Whitehall,
                Montana

_____

Submitted on Briefs:   Dec. 9, 1988

Decided:     January 27, 1989

Clerk

Filed
FILED
'89 JAN 27 AM 10:34
ED SMITH, CLERK
MONTANA SUPREME COURT

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

This appeal involves a dispute over fees awarded to the personal representative of an estate who was removed for cause. Petitioners Sherrie Schandelmeier and Sam Wonderly, successor co-personal representatives of the Estate of Robert Emerson Stone, appeal from an order of the District Court of the Fifth Judicial District, Madison County. On remand from a previous appeal to this Court, the District Court was instructed to remove R. Thomas Garrison as personal representative of the Estate and determine the fee due Garrison for his services. The court ordered: (1) Garrison is entitled to $20,000 for services rendered as personal representative and attorney for the Estate, and any amount previously paid to him in excess of that sum must be reimbursed; (2) Garrison is entitled to $3,814 to pay for the services of an attorney in resisting his removal as personal representative; and (3) Garrison must pay the Estate $15,000 as his contribution to lost interest and tax penalties occasioned by his administration. We reverse and remand.

Petitioners present four issues in this appeal:

1. Whether the prior personal representative and attorney for the Robert Emerson Stone Estate was entitled to combined fees of $20,000, as allowed by the District Court?

2. Whether it was proper for the District Court to allow payment of $3,814 in Estate funds to the attorney for the former personal representative for his services in the removal litigation?

3. Whether the District Court, after hearing objections to the Accounting of the prior personal representative, should have made a determination of damages to the Estate

instead of merely ruling on the proper amount of attorney's fees and personal representative's fees?

4. If the ruling on the issue of damages was within the scope of the hearing, whether the amount of damages awarded was sufficient?

The facts of this case were discussed in our prior opinion, Matter of Estate of Stone (Mont. 1986), 727 P.2d 508, 43 St.Rep. 1760. They will be reiterated here only where relevant. Our instructions on remand directed the District Court to remove Garrison and determine his fees. Once removed by the court, Garrison submitted his Final Account of all receipts and disbursements during his administration of the Estate. Petitioners filed an objection to the Final Account, objecting specifically to the fees Garrison paid himself as personal representative and attorney for the Estate, and to the fees paid to a law firm Garrison employed to defend him in the removal suit.

Petitioners contended that Garrison was not entitled to a fee, because his administration was harmful to the Estate. They also contended that Garrison's decision to resist removal was not made in good faith, and he was therefore not entitled to pay his attorneys out of Estate funds. Garrison had paid himself a total of $26,515 for his services as personal representative and attorney for the Estate. After hearing was had on Petitioners' objections to the Final Account, the District Court reduced that fee to $20,000, and Petitioners appealed.

The fees challenged by Petitioners are outlined by sections of the Uniform Probate Code as adopted in Montana. The personal representative's fee is covered in § 72-3-631, MCA, which sets a maximum based on the size of the estate, and directs that in any case the fee shall be "reasonable."

3

Section 72-3-633, MCA, states that the fee for an attorney engaged by the estate shall not exceed 1½ times the compensation allowed the personal representative. Section 72-3-632, MCA, deals more explicitly with litigation expenses incurred by the personal representative on behalf of the estate, and allows for a "reasonable" attorney's fee for actions maintained in good faith.

Section 72-3-634, MCA, allows any person with an interest in the estate to petition for review of fees paid to a personal representative, attorney or other person rendering services to the estate. The comments to the Uniform Probate Code written by the Code Commission state that one important feature of the UPC is that a personal representative has initial control over fees paid for services to the estate, including his own fee. Formerly, fees were set by the probate court. Because the personal representative would control the "purse strings" of the estate and essentially pay himself, the drafters of the UPC felt it important to allow for review of those fees.

This Court has not yet had the opportunity to define a standard of review for cases of this type. However, because the UPC is a uniform act, we can look to decisions from other jurisdictions utilizing the same statutory scheme.

The review of fees paid or taken by a personal representative is left to the sound discretion of the District Court. We will not overturn that decision absent a showing of abuse of discretion, and the court's findings of fact will be upheld unless clearly erroneous. Estate of Davis (Me. 1986), 509 A.2d 1175; Matter of Estate of Baird (Mich. 1984), 357 N.W.2d 912.

Once review of a fee is sought by one with an interest in the estate, the personal representative has the burden of

4

proving that the services rendered were necessary, and the fee charged was reasonable. Baird; Matter of Estate of Vertin (N.D. 1986), 381 N.W.2d 199. With regard to legal services, a reasonable fee should be ascertained by considering the time spent, the nature of the service, and the skill and experience required. Matter of Weaver's Estate (Mich. App. 1982), 327 N.W.2d 366. A crucial factor for determining the reasonableness of any challenged fee is whether the services rendered were beneficial to the estate. Matter of Kjorvstad's Estates (N.D. 1980), 287 N.W.2d 465. We agree with the view taken by the courts of the State of Michigan that when a personal representative's negligence causes harm to the estate, he or she may be deprived of all or part of their fee. Matter of Estate of Thacker (Mich. App. 1984), 358 N.W.2d 342.

In the present case, petitioner Sherrie Schandelmeier is one of the devisees under the will, and therefore certainly has an interest in the Estate. Petitioners' objection to the Final Account challenged the fees taken by Garrison and those paid to his attorney, thereby requiring a review of those fees under § 72-3-634, MCA. The burden was therefore upon Garrison to show that the fees paid to himself and to his attorney were reasonable, and were for the purpose of obtaining necessary services for the Estate. The record indicates that he failed to do so.

Beyond submission of the Final Account, which merely lists the Estate's income and expenditures, Garrison adduced virtually no evidence concerning the reasonableness of the fees. While there is some evidence from the initial removal hearing showing Garrison's work product, he has made no attempt to show the value of those services to the Estate or their relation to the fees he took. Under cross-examination

5

by counsel for Petitioners, Garrison testified that he kept no time logs of his activities as either personal representative or attorney for the Estate, and was able to give only a very rough estimate of the time he devoted to these tasks.

Garrison's argument for his entitlement to the fees he charged rests on the premise that they were "the standard amounts that are allowed." This is fundamentally incorrect. Sections 72-3-631 and 72-3-633, MCA, provide that fees for personal representatives or attorneys shall not exceed certain amounts based on the size of the estate. Garrison took not a standard fee, but the maximum fee under each section. Given Garrison's removal for cause and his nearly complete failure to justify his fees when challenged, the record is patently insufficient to support the District Court's award.

In our previous opinion, we held that Garrison should be removed as personal representative and attorney for the Estate because of shortcomings in the discharge of his duties:

> 1. Failure to invest excess Estate monies in an interest-bearing account.
> 2. Failure to pay any portion of Montana inheritance tax due when Estate monies were available to do so.
> 3. Failure to file the Estate's inventory and appraisement for over four years after his appointment as personal representative.
> 4. Active misleading of a devisee concerning the disposition of the main Estate asset.

The present record also demonstrates a remarkable failure by Garrison to complete his work properly, and a nearly complete failure to do so in a timely fashion. Simple arithmetic indicates that Garrison's failure to invest Estate monies

6

resulted in lost interest, and his failure to pay taxes completely or in part resulted in the imposition of penalties and the accrual of interest on unpaid amounts. These failures alone brought calculable harm to the Estate, which calls for reduction or even elimination of Garrison's fee.

As to the fees paid to Garrison's attorney, under § 72-3-632, MCA, such fees are to be reimbursed only if they were incurred in an action pursued in good faith. The District Court's ruling on these fees was based on Finding of Fact No. 7, which states that Garrison was obligated to resist removal under the decedent's will. We find no such language in the will, and hold this finding to be clearly erroneous.

R.T. Garrison was sufficiently remiss in performing his duties as personal representative and attorney for the Estate of Robert E. Stone that he was removed for cause. He failed to present meaningful evidence to justify the fees he paid himself when those fees were challenged. The fees he claimed for the services of an attorney in resisting removal were allowed on the basis of a finding of fact that is clearly erroneous. On this record, the District Court's award of $20,000 was a manifest abuse of discretion.

The award of $15,000 to the Estate as "reimbursement" for tax penalties and interest was also inappropriate. The objection filed by Petitioners sought review of Garrison's fee, but did not mention any liability that might be imposed for his actions. The court did not have issue jurisdiction on the question of Garrison's liability for his actions, because that issue was not placed before the court in the pleadings. The award of "reimbursement" was therefore error. See, In re Marriage of DiPasquale (Mont. 1986), 716 P.2d 223, 43 St.Rep. 557.

We reverse the decision of the District Court as clearly erroneous and an abuse of discretion, and remand for retrial of the fee dispute.

Reversed and remanded.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8