No. 99-102

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 179

FILED

JUL 27 1999

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

IN THE MATTER OF THE ESTATE OF

THOR K. LANDE,
       Deceased.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                 In and for the County of Big Horn,
                 The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        Brent R. Cromley; Moulton, Bellingham, Longo & Mather,
        Billings, Montana

    For Respondents:

        James R. Graves, Ingrid Gustafson; Graves, Toennis & Gustafson,
        Billings, Montana

        Peter Stanley, Attorney at Law, Billings, Montana

Submitted on Briefs: June 10, 1999

Decided:  July 27, 1999

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Clifford R. Lande, Kip H. Lande and Kande L. Lande (the Contestants) appeal from the Order for Attorneys Fees and Costs entered by the Thirteenth Judicial District Court, Big Horn County. We affirm in part, reverse in part and remand.

¶2     We address the following issues:

¶3     1. Did the District Court err in concluding that attorney fees and costs were not waived by the personal representatives' failure to file a timely memorandum under § 25-10-501, MCA?

¶4     2. Did the District Court err in awarding attorney fees when the fee issue was not included in the pretrial order?

¶5     3. Are the costs and attorney fees awarded by the District Court proper and reasonable?

**BACKGROUND**

¶6     This appeal arises from the Contestants' unsuccessful challenge to a will executed by their adoptive father, decedent Thor K. Lande (Cubby). The Contestants claimed that Cubby lacked testamentary capacity and was unduly influenced when he executed his December 30, 1996, will. The will contest was tried to a jury and the jury returned a special verdict finding that Cubby had testamentary capacity and was not unduly influenced when he executed the will. The District Court admitted Cubby's will to probate and confirmed the designated co-

personal representatives. The Contestants appealed and we affirmed. *See* Estate of Lande, 1999 MT 162, ___ P.2d ___, 56 St.Rep. 642.

¶7    The personal representatives subsequently claimed attorney fees and costs on behalf of Cubby's estate pursuant to § 72-12-206, MCA. The Contestants resisted the claim on several grounds. The District Court rejected the Contestants' arguments, concluding that the estate was statutorily entitled to attorney fees and costs. The court also concluded that, while § 25-10-501, MCA, requires a party claiming costs to file a bill of costs within five days of the verdict or notice of the court's decision and the estate did not timely file such a bill of costs, § 25-10-501, MCA, was not applicable in the present case. The court determined that the hourly rates charged were reasonable and "the hours, no doubt, were actually put into the trial and preparation of the case." The District Court ultimately ordered the Contestants to pay to the estate, out of any sum they ultimately might recover from the estate, the sum of $76,108.30 for attorney fees and costs. Notice of entry of judgment was filed and served and the Contestants appeal.

## DISCUSSION

¶8    We review a district court's award of attorney fees to determine whether the court abused its discretion. Hauck v. Seright, 1998 MT 198, ¶ 43, 290 Mont. 309, ¶ 43, 964 P.2d 749, ¶ 43. We review a trial court's conclusions of law to determine whether the court's interpretation of the law is correct. Choteau Library Bd. v. Teton County Bd. (1997), 283 Mont. 87, 90, 938 P.2d 1357, 1359.

¶9    1. Did the District Court err in concluding that attorney fees and costs were not waived by the personal representatives' failure to file a timely memorandum under § 25-10-501, MCA?

¶10   On appeal, the Contestants reassert their argument that the personal representatives were required to follow the procedure set forth in § 25-10-501, MCA, to recover fees and costs under § 72-12-206, MCA, for successfully defending the validity of Cubby's will. As a result of the personal representatives' failure to comply with the statute, the Contestants contend that the right to fees and costs was waived.

¶11   The Contestants focus first on attorney fees and rely on Craver v. Waste Mgt. Partners of Bozeman (1994), 265 Mont. 37, 874 P.2d 1. There, as the Contestants point out, we stated:

> As provided by statute, claimants in whose favor a judgment is rendered may recover or tax costs, *including attorney fees*, by delivering a copy of the memorandum of costs to the court and to the adverse party within five days of the judgment. Section 25-10-501, MCA.

*Craver*, 265 Mont. at 46, 874 P.2d at 6 (emphasis added). Thus, according to the Contestants, we clearly included memoranda regarding attorney fees within the five-day filing requirement set forth in § 25-10-501, MCA, and application of that statute here requires a conclusion that the personal representatives--who did not file their claim for attorney fees within five days--waived their right to attorney fees.

¶12   In revisiting *Craver*, however, we determine it was incorrectly decided. Section 25-10-501, MCA, is captioned "Bill of costs." It provides that

4

[t]he party in whose favor judgment is rendered and who claims his costs must deliver to the clerk and serve upon the adverse party, within 5 days after the verdict or notice of the decision of the court . . . a memorandum of the items of his costs and necessary disbursements in the action or proceeding . . . .

Section 25-10-501, MCA. As its caption and plain language indicate, the statute addresses memoranda of costs only; it does not address claims for attorney fees or require that such claims be submitted within five days.

¶13    *Craver* also departed from our prior cases holding that the requirements of § 25-10-501, MCA, do not apply to claims for attorney fees. In Cook v. Harrington (1983), 203 Mont. 479, 482, 661 P.2d 1287, 1288, we reasoned that "Title 25, Chapter 10 of the Montana Code Annotated deals with the imposition and allowance of costs" recoverable under § 25-10-201, MCA. We observed that, with certain limited exceptions not including attorney fees, the § 25-10-201, MCA, list of recoverable costs was exclusive. *Cook*, 203 Mont. at 482, 661 P.2d at 1288 (citation omitted). As a result, we held that § 25-10-501, MCA, which requires that a bill of costs be delivered within five days, "does not apply to attorney fees." *Cook*, 203 Mont. at 482, 661 P.2d at 1288.

¶14    We addressed a somewhat similar issue in Schillinger v. Brewer (1985), 215 Mont. 333, 697 P.2d 919, which involved whether attorney fees were "costs" in a mechanic's lien foreclosure case. We observed that § 25-10-501, MCA, did not say that fees were costs and, citing again to § 25-10-201, MCA, determined that costs generally allowable do not include attorney fees. *Schillinger*, 215 Mont. at 337, 697 P.2d at 922.

¶15 On the basis of both the plain language of § 25-10-501, MCA, and our prior cases, we conclude that our *Craver* determination that claims for attorney fees are within the scope of § 25-10-501, MCA, was incorrect. Therefore, that portion of *Craver* is overruled. We further conclude that the five-day filing requirement set forth in § 25-10-501, MCA, does not apply to attorney fees to which a party is entitled by statute.

¶16 The Contestants also argue that, even if attorney fees are not within the ambit of § 25-10-501, MCA, the personal representatives did not timely file their bill of costs thereunder and, therefore, their right to costs was waived. According to the Contestants, the District Court erred in interpreting certain statutes to reach a contrary result. We agree.

¶17 Section 72-12-206, MCA, mandates that costs incurred in successfully defending the validity of a will be paid by the party contesting the will's validity. The District Court concluded that a conflict existed between § 72-12-206, MCA, and § 25-10-501, MCA, and that, because § 72-12-206, MCA, was a specific statute relating to probate actions, it controlled over § 25-10-501, MCA, which generally requires that a bill of costs be filed within five days of the verdict or notice of the court's decision.

¶18 The problem with the District Court's analysis is that the two statutes do not conflict. Section 72-12-206, MCA, mandates that an unsuccessful will contestant pay the costs incurred in the will contest. It does not, however, provide a procedure via which the successful defender of the will's validity obtains those costs. Section 25-10-501, MCA, on

the other hand, does provide such a procedure. Thus, while both statutes address costs, they do so in unrelated contexts and are not inconsistent with each other.

¶19 The District Court also concluded that a will contest is a special proceeding under § 27-1-102, MCA, and costs in special proceedings are allowed as a matter of course to the prevailing party pursuant to § 25-10-101(4), MCA. We conclude, however, that neither § 27-1-102, MCA, nor § 25-10-101(4), MCA, is relevant to the issue of whether the personal representatives were required to file their bill of costs within five days under § 25-10-501, MCA.

¶20 Part 1 of Chapter 10, Title 25 of the Montana Code Annotated addresses the imposition of costs. Section 25-10-101, MCA, addresses when costs are allowed as a matter of course to a plaintiff upon a judgment in his or her favor; such situations include, in subsection (3), costs in an action for the recovery of money or damages when the plaintiff recovers over $50 and, in subsection (4), on which the District Court relied, costs in a special proceeding. Section 25-10-102, MCA, provides for costs as a matter of course to a prevailing defendant in the situations set forth in § 25-10-101, MCA. Section 25-10-103, MCA, addresses when costs are discretionary. Given their placement in the part of Title 25 addressing imposition of costs, it is not surprising that none of these statutes provides the means or manner in which costs are to be claimed.

¶21 Part 2 of Chapter 10, Title 25 of the Montana Code Annotated addresses which costs generally are allowable to a party claiming costs. *See, e.g.,* § 25-10-201, MCA. Again, and

7

not surprisingly, nothing in that part of Title 25 provides for the manner in which costs must be claimed.

¶22    Part 5 of Chapter 10, Title 25 of the Montana Code Annotated is captioned "Claiming Costs." By its caption, and by the terms of the statutes contained therein, Part 5 provides the means and manner in which costs are to be claimed. Nothing in those statutes makes a distinction or exception for costs being claimed in different types of actions. Indeed, as set forth above, § 25-10-501, MCA, mandates that a prevailing party who "claims his costs" must file an itemized memorandum of claimed costs within five days of the verdict or notice of the court's decision. The language of the statute is plain and unequivocal in encompassing all claims for costs. Thus, the District Court's implicit conclusion that costs incurred in a "special proceeding" need not be claimed within the five-day period required by § 25-10-501, MCA, is incorrect. Nor could it be otherwise. Carrying the court's determination to its logical conclusion, all costs allowed as a matter of course under § 25-10-101, MCA, to prevailing plaintiffs--and presumably all costs allowed to prevailing defendants under § 25-10-102, MCA--would be exempt from the § 25-10-501, MCA, time requirement and the exemptions would swallow the clear five-day requirement of § 25-10-501, MCA.

¶23    We hold, therefore, that the District Court correctly concluded that the § 25-10-501, MCA, five-day requirement for filing a memorandum of costs does not include memoranda or affidavits relating to attorney fees sought pursuant to § 72-12-206, MCA. We further hold, however, that the District Court erred in concluding that the § 25-10-501, MCA,

8

requirement for memoranda of costs was not applicable to the personal representatives' claim for costs. As a result, the personal representatives are not entitled to an award of costs and this case must be remanded for modification of the judgment to delete costs awarded in error.

¶24 2. Did the District Court err in awarding attorney fees when the fee issue was not included in the pretrial order?

¶25 It is undisputed that no request for attorney fees was included in the pretrial order in this case. In the District Court, the Contestants relied on a number of Montana cases in arguing that the absence of an attorney fee issue in the pretrial order precluded the personal representatives from raising the issue after trial. The District Court observed that the Contestants were correct in asserting that the issue was not raised in the pretrial order, but concluded that "§ 72-12-206 M.C.A. seems to provide for attorney fees . . . anyway." The Contestants contend that the court erred. We disagree.

¶26 The purposes of pretrial orders are to "prevent surprise, simplify the issues, and permit the parties to prepare for trial." Nentwig v. United Industry, Inc. (1992), 256 Mont. 134, 138-39, 845 P.2d 99, 102. Requiring inclusion in the pretrial order of a request for attorney fees pursuant to § 72-12-206, MCA, which mandates such fees in the event a party successfully defends the validity of a will, would not further those purposes. Indeed, where attorney fees are a straightforward statutory entitlement in the event a party prevails in the action, no surprise could result from a posttrial claim by such a successful party for the statutorily-mandated fees. In addition, inclusion in the pretrial order of the subject of attorney fees which become an entitlement only after the prevailing party has been

9

determined at trial could neither simplify trial issues nor allow for better trial preparation, since no evidence need be presented on the question and no legal determinations are required before or during trial.

¶27 The Contestants rely, however, on Simmons Oil Corp. v. Wells Fargo Bank, 1998 MT 129, 289 Mont. 119, 960 P.2d 291, and Naftco Leasing Ltd. v. Finalco, Inc. (1992), 254 Mont. 89, 835 P.2d 728, in support of their argument that failure to raise the issue of attorney fees in the pretrial order waives the right to recover fees. Those cases are distinguishable.

¶28 In *Naftco Leasing*, the plaintiffs sued to reform certain lease agreements based on mistake. *Naftco Leasing*, 254 Mont. at 91, 835 P.2d at 730. The district court concluded that the claims were barred by the statute of limitations and awarded attorney fees to the defendant even though the fee issue was not contained in the pretrial order. *Naftco Leasing*, 254 Mont. at 92-93, 835 P.2d at 730-31. On appeal, we affirmed the district court's determination that the statute of limitations barred the plaintiffs' claims, but concluded that the court improperly awarded attorney fees to the defendant. *Naftco Leasing*, 254 Mont. at 93-95, 835 P.2d at 731-32.

¶29 With regard to fees, we noted that both parties had included attorney fee claims in the pleadings, but neither party did so in the pretrial order. The defendant attempted to rely on Bell v. Richards (1987), 228 Mont. 215, 741 P.2d 788, where we allowed attorney fees even though the defendants had not mentioned the issue in the pretrial order. *Naftco Leasing*, 254 Mont. at 93-94, 835 P.2d at 731. Our holding in *Bell*, however, was based on the plaintiffs

10

having claimed the right to fees in the pretrial order pursuant to contractual language, and on the existence of the "reciprocal attorney fee" provision in § 28-3-704, MCA. *Bell*, 228 Mont. at 219, 741 P.2d at 791. We distinguished *Bell* on several grounds in *Naftco Leasing*, however, including that the lease agreements did not include an attorney fees provision raised by one of the parties in the pretrial order. Instead, in *Naftco Leasing*, the defendant belatedly attempted to obtain attorney fees solely under the "reciprocal fees" statute absent any mention in the pretrial order or any ability to recover fees under the lease agreements themselves. Under those circumstances, we concluded that the defendant's failure to include the attorney fees issue in the pretrial order waived the right to raise it at a later time. *Naftco Leasing*, 254 Mont. at 95, 835 P.2d at 732.

¶30 We addressed a similar attorney fees issue in *Simmons Oil*. There, the defendant bank had requested attorney fees in its pleadings, but neither party referenced the issue in the pretrial order. Simmons Oil then requested attorney fees posttrial, relying on the bank's request for fees in its pleadings, and the district court denied the request. *Simmons Oil*, ¶ 16. On appeal, Simmons Oil relied on the "reciprocal fees" statute in arguing that attorney fees should be reciprocal and awarded, while the bank advanced *Naftco Leasing* as controlling when attorney fees are neither explicit nor implicit in the pretrial order. We affirmed the district court's denial of attorney fees with little discussion, stating only that we "cannot find the District Court abused its discretion by denying the request since it was not contained in the Pretrial Order, and, thus, not before the court." *Simmons Oil*, ¶ 41 (citations omitted).

11

¶31 The circumstances before us in the present case are dissimilar to those in *Naftco Leasing* and *Simmons Oil*, neither of which involved a stand-alone, statutorily-mandated award of fees to the party prevailing at trial. Here, § 72-12-206, MCA, entitled the successful defenders against a will contest to attorney fees as a matter of law. Hence, *Naftco Leasing* and *Simmons Oil* are inapplicable here.

¶32 We conclude that the District Court did not err in concluding that the attorney fees mandated by § 72-12-206, MCA, were available to the personal representatives notwithstanding their failure to include the issue in the pretrial order.

¶33 3. Are the costs and attorney fees awarded by the District Court proper and reasonable?

¶34 The Contestants' first assertion of error with regard to the amount of costs and attorney fees awarded is that certain of the costs were not authorized by statute or otherwise. In light of our conclusion above that the personal representatives waived their right to recover costs by their failure to timely file a bill of costs as required by § 25-10-501, MCA, we need not address this assertion of error.

¶35 With regard to the amount of attorney fees awarded, the Contestants concede that the hourly rates were reasonable and that the itemized hours undoubtedly were put into the trial and preparation. Their first contention in this regard is that the number of hours submitted was unreasonable primarily because two separate law firms--a total of three lawyers--worked on the case for the personal representatives, resulting in extra billing for some hours spent on the case.

12

¶36 The problem with the Contestants' argument that the number of hours submitted was unreasonable is that it is not supported by the record. The lead lawyer for the personal representatives testified at the hearing on the motion for costs and attorney fees that she felt additional counsel would be helpful and needed, and hired an attorney outside her firm who was familiar with the types of matters involved in the will contest. Moreover, the personal representatives presented an attorney witness experienced in probate matters who testified that it is not unusual to associate other counsel with cases and that, under such circumstances, "everybody charges for their time." The witness further testified that she had reviewed the time submitted for all the attorneys involved in the personal representatives' case and that the time appeared to be reasonable. The Contestants did not present a witness to controvert or dispute this testimony. On this record, we conclude that the attorney fees awarded by the District Court were reasonable.

¶37 The Contestants' remaining arguments on this issue are less than clear. They seem to posit that, because the personal representatives had some interest in the estate, the personal representatives' actions in defending against the Contestants' challenge to Cubby's will did not comport with the requirement contained in § 72-3-606(2), MCA, that personal representatives take steps "reasonably necessary for the management, protection, and preservation of the estate . . . ." In other words, the Contestants theorize that, absent their own interest in the estate, the personal representatives would not have incurred such significant legal fees in defending against the will contest. Under these circumstances, the

Contestants urge that the legal services for which the attorney fees were incurred were not reasonable because they were not "beneficial to the estate" as required by Matter of Estate of Stone (1989), 236 Mont. 1, 4, 768 P.2d 334, 336.

¶38 The primary problem with the Contestants' argument is that it is premised on the purely speculative theory that the personal representatives' defense against the challenge to Cubby's will was motivated by their personal interest in the estate, rather than intended to meet their statutory obligation under § 72-3-606(2), MCA, to "take all steps reasonably necessary for the . . . protection, and preservation of the estate . . . ." We will not address this speculative theory. Moreover, superimposing § 72-12-206, MCA, which mandates legal fees to the successful defender against a will contest, onto § 72-3-606(2), MCA, appears to reflect a legislative determination that defending against a will contest constitutes a reasonably necessary step for the protection of the estate.

¶39 Finally, the Contestants' reliance on *Estate of Stone* is far from clear. In any event, however, the case is distinguishable on both the facts and the law. *Estate of Stone* involved a personal representative, removed for cause pursuant to a petition by devisees, including in his final account a disbursement for legal fees for the lawyer hired to defend him against the petition for removal. The disbursement was claimed under § 72-3-632, MCA, which entitles a personal representative who defends or prosecutes any proceeding in good faith to receive from the estate necessary expenses and disbursements, including reasonable attorney fees incurred. *Estate of Stone*, 236 Mont. at 3, 768 P.2d at 335. Those facts are entirely different from the facts before us in the present case. Furthermore, the statute at issue in *Estate of Stone* is not only not at issue here, it is of an entirely different nature and scope than § 72-12-

14

206, MCA. The *Estate of Stone* statute entitles a personal representative to recover disbursements--including reasonable attorney fees--from the estate upon a showing that a proceeding was prosecuted or defended in good faith. Section 72-12-206, MCA, on the other hand, requires an unsuccessful contestant of the validity of a will to pay attorney fees incurred in successfully defending the will. Given these factual and legal distinctions between *Estate of Stone* and the present case, we will not address that case or the Contestants' argument thereunder further.

¶40 We hold that the District Court did not abuse its discretion with regard to the award or amount of attorney fees in this case.

¶41 Affirmed in part, reversed in part and remanded for modification of the judgment to delete the costs awarded to the personal representatives.

Karla M. Gray
Justice

We concur:

J.A. Turnage
Chief Justice

W. William Leaphart

Jim Regnier

Terry Trieweiler
Justices

15