No. 99-441

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 135N

IN THE MATTER OF THE ESTATE OF

CHARLES RAYMOND SMITH, Deceased,

Respondent.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Art Tadewaldt, Esq.*, Pro Se*, Great Falls, Montana

For Respondent:

William G. Sternhagen; Sternhagen Law Firm, Helena, Montana

Submitted on Briefs: February 10, 2000

Decided: May 25, 2000

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Art Tadewaldt, Esq., the former attorney for the Estate of Charles Raymond Smith (Estate), appeals from the Order Re Attorneys Fees entered by the Eighth Judicial District Court, Cascade County, awarding him attorney fees and expenses in the amount of $1,687.50. We affirm.

¶3 The sole issue on appeal is whether the District Court abused its discretion in awarding Tadewaldt $1,687.50 in attorney fees and expenses for his work on the Estate.

¶4 Charles Raymond Smith died on July 28, 1996, leaving an Estate ultimately valued at approximately $80,000, and a will dividing the Estate equally among his four children. A son, Daniel Smith, was named personal representative. On August 1, 1996, he hired Tadewaldt to probate the Estate.

¶5 Because of significant delays in the probate proceedings, including a six-month delay in publishing the notice to creditors, William Sternhagen, Esq., replaced Tadewaldt as counsel for the Estate on November 10, 1997. Sternhagen closed the Estate one month later and billed--and received--$1,687.50 for his services.

¶6 Tadewaldt submitted a $5,189.70 claim to the Estate. It consisted of $4,520 in attorney fees (45.20 hours at $100 per hour), $127.50 in expenses and $542.20 in interest (10% per annum on amount claimed over 14 months). The personal representative disputed Tadewaldt's entitlement to the amount requested and asserted Tadewaldt was entitled to only $1,500 for his services. The other heirs also voiced strenuous objection to Tadewaldt's claim.

¶7 After a hearing on Tadewaldt's claim, the District Court entered its Order Re Attorneys

Fees awarding him $1,687.50 in fees and expenses, the same amount received by Sternhagen. It did so after observing that the Estate was a simple one which should not have taken 16 months to close, determining that Tadewaldt's actions or inactions caused some of the lengthiest delays, and reviewing both Tadewaldt's itemized statement of services and the work evidenced in the probate file. Tadewaldt appeals.

¶8 *Did the District Court abuse its discretion in awarding Tadewaldt $1,687.50 for work done on the Estate?*

¶9 We review a district court's award of attorney fees to determine whether the court abused its discretion. *In re Estate of Lande*, 1999 MT 179, ¶ 8, 295 Mont. 277, ¶ 8, 983 P.2d 316, ¶ 8 (citation omitted). Moreover, the appellant bears the burden of establishing error. *In re Estate of Lande*, 1999 MT 162, ¶ 30, 295 Mont. 162, ¶ 30, 983 P.2d 308, ¶ 30 (citation omitted).

¶10 Tadewaldt advances a number of arguments in support of his overall contention that the District Court erred in the amount of attorney fees awarded. We address each argument in turn.

¶11 Tadewaldt argues first that he had a contract with the Estate under which he would receive $100 per hour for his services. He relies on *Matter of Estate of Barber* (1989), 239 Mont. 129, 146, 779 P.2d 477, 488, for the proposition that the Estate is bound by the contract because it is "fair and equitable." His arguments are flawed.

¶12 First, it is undisputed that the dollar amount of the fees Tadewaldt claims exceeded the generally applicable maximum allowed by § 72-3-633, MCA. Moreover, he did not apply for further compensation as required by § 72-3-633(5), MCA. Had he done so, he would have failed to establish "good cause" for excess fees, as required by § 72-3-633(5), MCA, given his testimony at the hearing on his attorney fees claim that there was nothing particularly complex about the Estate proceeding.

¶13 Furthermore, while *Estate of Barber* states that an estate is bound by a personal representative's contract with an attorney if the contract is fair and equitable, that case is of no help to Tadewaldt here. The District Court did not expressly determine that such a contract existed. The court also did not state that $100 per hour was not fair or equitable; indeed, that rate appears to be roughly equivalent to what attorney Sternhagen charged. Nothing in *Estate of Barber*, however, requires a probate court to accept as necessary and

reasonable all the hours an attorney itemizes as spent on the case. Here, the District Court expressly stated it had considered both Tadewaldt's itemized statement and the actual work performed as evidenced by the file. Given the fees awarded, it is clear the court was not persuaded the billed time and services were reasonable and necessary.

¶14 Tadewaldt also argues that he did not delay the administration of the Estate. In doing so, however, he essentially concedes his lengthy delay in publishing the notice to creditors--as found by the District Court--by contending only that the delay had "no effect" on the administering of the Estate. In any event, this argument is not particularly relevant to the issue of whether the District Court abused its discretion in the amount of attorney fees awarded.

¶15 Tadewaldt also argues that "[t]here is no negligence to the estate" and that, pursuant to § 72-3-801, MCA, he is exempt from "liability" for failure to give timely notice to creditors. These arguments are irrelevant in their entirety. No professional negligence claim against Tadewaldt is at issue in this case. Nor was such "liability" imposed. The District Court merely observed that the Estate had taken longer than necessary and Tadewaldt had caused some of the lengthiest delays.

¶16 Finally, Tadewaldt claims he is entitled to interest at the rate set forth in § 31-1-106(1)(b), MCA, on his "account stated," for the 14 months from the time he submitted it in November of 1997 until paid.

¶17 The statute on which Tadewaldt relies is located in Part 1, captioned Loans of Money - Interest Rates of Chapter 1, entitled Credit Transactions, of Title 31, Credit Transactions and Relationships. Tadewaldt makes no showing that this portion of the MCA, or § 31-1-106, MCA, in particular, is applicable to an attorney's statement for services rendered in a probate proceeding. Moreover, we have determined that interest on charges and expenses of administration--such as attorney fees--are not allowable against an estate. *See In re Bielenberg's Estate* (1935), 98 Mont. 546, 550, 40 P.2d 49, 51.

¶18 Tadewaldt has failed to meet his burden of establishing error by the District Court. Accordingly, we hold the District Court did not abuse its discretion in awarding Tadewaldt $1,687.50 in attorney fees and expenses for his work on the Estate.

¶19 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER