ORIGINAL


**FILED**

04/05/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0656

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 21-0656

ESTATE of GARY ALLEN COOPER, Deceased,

James and Patricia Cooper,

      Petitioners and Appellees,

v.

Amanda Cooper,

      Co-Petitioner and Appellant.



FILED

APR 05 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

**ORDER**

By motion filed March 7, 2022, Appellant and underlying Co-Petitioner Amanda Cooper (Daughter) moves this Court pursuant to M. R. App. P. 16 for an order staying the briefing schedule in the above-captioned matter, as currently governed by our prior March 8, 2022 Order (extending Appellant's initial brief filing deadline until 30 days after our decision disposing of her subject motion for stay of briefing schedule). The prior preliminary procedural history of this matter is set forth in *Estate of Cooper (Cooper I)*, 2021 MT 40N, 403 Mont. 546, 480 P.3d 263, wherein we affirmed the prior orders of the District Court, in the underlying matter of Estate of Cooper, Cause No. DP 18-0128, Montana Thirteenth Judicial District Court, Yellowstone County: (1) appointing an un-interested third-party personal representative to administer the estate; (2) granting the petition of James and Patricia Cooper (Siblings) for formal probate of a purported March 2017 will and denying Daughter's cross-petition for formal probate of a purported November 2017 will; and (3) granting Siblings' creditor claim against the estate regarding funds resulting from the pre-mortem alteration and liquidation of a $100,371.75 pay-on-death (POD) bank account of the decedent. *Cooper I*, ¶¶ 2, and 11-16. The District Court essentially found and concluded that the March 2017 will was validly executed and approved for probate, while the subsequent November 2017 will and the

related POD account beneficiary change, and subsequent pre-mortem POD account liquidation, were invalid as the products of undue influence over the decedent. *Cooper I*, ¶¶ 3-8 and 11-14. We reversed the District Court's award of interest to Siblings on the POD account, and remanded that issue for determination and application of the correct rate of interest to the POD judgment interest award calculation. *Cooper I*, ¶¶ 15-16.

On remand, on motion and supplemental briefing on the reasonableness of the Siblings' claimed attorney fees and costs under § 72-12-206, MCA (attorney fees and costs incurred in successfully defending the validity or probate of a will "must be paid by the party contesting the validity or probate of the will"), and *Estate of Lande*, 1999 MT 179, ¶¶ 23 and 26, 295 Mont. 277, 983 P.3d 316, the District Court denied Siblings' costs claim as untimely and insufficiently supported, but awarded against Daughter the attorney fees incurred by Siblings ($48,607.58 as reduced by the court from their claim) in successfully defending the validity and probate of the March 2017 will against the purported November 2017 will. See Order in re Siblings' Costs and Attorney Fees, filed November 23, 2021. Noting the prior acceptance from Daughter of a "property bond in lieu of a supersedeas bond" regarding her *Cooper I* appeal, and the priority application of the limited outstanding balance in the estate bank account to the statutory fees and costs entitlement of the personal representative, the District Court conditionally divested Daughter of the encumbered title to the bonded realty for noticed "judicial sale" and any surplus distribution by the county sheriff, subject to Daughter's right to timely redeem by personal payment of the attorney fees award. See Order in re Siblings' Costs and Attorney Fees, filed November 23, 2021.

By notice of appeal filed December 23, 2021 (second appeal), Daughter appealed the underlying November 23, 2021 Order in re Siblings' Costs and Attorney Fees. By subsequent motion filed March 7th, Daughter moved this Court for a stay of our briefing schedule on her appeal. She asserts that a stay of briefing schedule is necessary and proper in our discretion pending final administration of the estate by the third-party personal representative and resulting final judgment. She asserts that final judgment is premature

2

until the District Court considers/reconsiders her prior objections to its previously determined and imposed statutory personal representative fees and costs. She asserts that the court has yet to consider her assertion that the third-party personal representative is not entitled statutory fees and costs based on his alleged breach of "fiduciary duty to her" in the administration of the estate. Daughter further notes that her motion for stay of briefing schedule on her second appeal is not a motion for stay of execution of the underlying Order in re Siblings' Costs and Attorney Fees, and that she has thus not posted a supersedeas bond as required by M. R. App. P. 22(b) as a condition precedent for such motion and relief.

By response filed March 17, 2022, Siblings object and oppose the motion for stay of briefing schedule pursuant to M. R. App. P. 22 and § 25-13-201, MCA, on the asserted grounds that: (1) Daughter's motion is an apparent ploy to effect delay or stay of execution without posting of the requisite supersedeas bond; (2) less than $1,000 remains in the estate bank account after payment of the personal representative's court-determined fees and costs ($5,259.93); (3) no other estate assets remain for payment of any additional estate debt or distribution beyond those available for satisfaction of court-determined personal representative fees and costs; and (4) no further estate administration is necessary. By subsequent motion filed March 18, 2022, Siblings now move for dismissal of Daughter's second appeal with prejudice on the asserted grounds that (1) the appeal is premature because the underlying Order in re Siblings' Costs and Attorney Fees is neither an appealable final order, nor an interlocutory order immediately appealable under M. R. App. P. 6(4) (appealable interlocutory orders in estate, guardianship, and probate matters) and (2) Daughter has in any event waived any ultimately appealable issue by failing to timely raise such issue at hearing on their Costs and Attorney Fees motion on November 1, 2021. Based on the asserted procedural untimeliness and substantive invalidity of Daughter's second appeal, Siblings further move this Court for an award against Daughter and her counsel of costs and attorney fees on appeal pursuant to M. R. App. P. 19(3) (prevailing party costs on appeal) and M. R. App. P. 19(5) (sanctions

3

to prevailing party on appeal based on frivolous or vexatious impedance or harassment by non-prevailing party).

By response filed March 29, 2022, Daughter objects and opposes Siblings' motion for dismissal of her appeal with prejudice, and for related costs and attorney fees, on the asserted ground that, as previously stated in her motion for stay of briefing schedule, Daughter's immediate appeal of the underlying Order in re Siblings' Costs and Attorney Fees was necessitated as a matter of prudential caution by the procedural uncertainty caused by Siblings' procedurally improper filing of a notice of entry of judgment in the wake of the underlying Order in re Siblings' Costs and Attorney Fees.

Upon review and consideration of our remand order in *Cooper I*, the underlying Order in re Siblings' Costs and Attorney Fees on remand from *Cooper I*, Siblings' subsequent notice of entry of judgment, Daughter's notice of second appeal, her subsequent motion for stay of briefing schedule, Siblings' objection to the motion for stay, their subsequent motion for dismissal of appeal with prejudice and award of attorney fees and costs, and Daughter's response in opposition, we find and conclude that, without this Court having to delve further into the record below as a matter of preliminary motion practice on appeal, it was at least *arguably* unclear, even if Daughter's assertion is ultimately lacking in merit, whether the District Court intended its underlying Order in re Siblings' Costs and Attorney Fees as its final judgment in the matter below.

IT IS THEREFORE ORDERED as follows:

(1)     Daughter's December 23, 2021, notice of appeal is hereby DISMISSED without prejudice as procedurally premature, and her related motion for stay of briefing schedule is hereby DENIED as moot;

(2)     Siblings' motion for costs and attorney fees on appeal pursuant to M. R. App. P. 19(3) and (5) is hereby DENIED without prejudice; and

(3)     this matter is hereby REMANDED to the District Court for further proceedings, *on non-frivolous and non-vexatious motion* of the parties, either for further proceedings and entry of its final judgment below or, alternatively, entry of judgment clarifying that it intended,

4

and thus entered, its Order in re Siblings' Costs and Attorney Fees as its final judgment below.

The Clerk of this Court is hereby directed to serve immediate notice of this Order in the ordinary course to all parties of record, as well as the Hon. Michael Moses, presiding, in the underlying matter of Estate of Cooper, Cause No. DP 18-0128, Montana Thirteenth Judicial District Court, Yellowstone County.

DATED this 5th day of April, 2022.

Justices