# STAN CRAVER, LANCE DUBOIS, BRETT LYON, JAMES PELLETIER and JEFF TONE, Plaintiffs and Respondents,

## v.

# WASTE MANAGEMENT PARTNERS OF BOZEMAN, d/b/a THREE RIVERS DISPOSAL, a Montana general partnership, Defendant and Appellant.

No. 93-544.
Submitted on Briefs February 24, 1994.
Rehearing Denied April 14, 1994.
Decided March 22, 1994.
51 St.Rep. 268.
265 Mont. 37.
874 P.2d 1.

38

For Defendant and Appellant: **Matthew W. Williams**, Williams, Jent & Dockins, Bozeman.

For Plaintiffs and Respondents: **Karl P. Seel**, Bozeman.

CHIEF JUSTICE TURNAGE delivered the Opinion of the Court.

Defendant Waste Management Partners of Bozeman, d/b/a Three Rivers Disposal (TRD), has appealed from a decision of the Eighteenth Judicial District Court, Gallatin County. The court found that TRD had violated Montana's wage laws and ordered it to pay plaintiffs, who were former employees of TRD, overtime wages and statutory penalties. We affirm.

The dispositive issues on appeal are rephrased as follows:

1. Whether the District Court erred in determining the statute of limitations applicable to the plaintiffs' wage claims against TRD.

2. Whether the court erred in finding that TRD had violated Montana's wage laws.

3. Whether the court erred in assessing penalties against TRD.

4. Whether the court erred in ordering TRD to pay plaintiffs' attorney fees.

Plaintiffs Stan Craver, Lance Dubois, Brett Lyon, James Pelletier and Jeff Tone were employed by TRD, a garbage collection and disposal business located in Gallatin County, Montana. Stan Craver and Lance Dubois were employed by TRD from March 1987 to July 1991. Brett Lyon and Jeff Tone were employed from March 1987 to March 1992. James Pelletier was employed from May 1989 to March 1992.

TRD paid the plaintiffs according to a fluctuating pay scale. Mathematically, TRD's pay formula can be expressed as follows:

$$\text{(Fixed Pay)} / \text{(Total Hours Worked)} = \text{Hourly Pay}$$

$$\text{(Total Hours Worked)} - (40) = \text{Overtime Hours}$$

$$(.5) \times \text{(Hourly Pay)} \times \text{(Overtime Hours)} = \text{Overtime Pay}$$

$$\text{(Fixed Pay)} + \text{(Overtime Pay)} = \text{Total Pay}$$

The parties agree there was no express written or oral consent by the plaintiffs to TRD's method of calculating wages. TRD maintains, however, that the plaintiffs impliedly consented to the arrangement.

At trial, the District Court ruled in favor of the plaintiffs, finding that the applicable statute of limitations to bring the overtime claim was five years and that TRD violated Montana's wage laws by utilizing the above-described pay scheme. The court ordered TRD to pay the plaintiffs overtime wages, a statutory penalty, attorney fees and costs, and interest on the unpaid wages. TRD appeals.

## ISSUE 1

Did the District Court err in determining the statute of limitations applicable to the plaintiffs' wage claims against their employer?

TRD asserts that the applicable statute of limitations was two years according to § 27-2-211, MCA. We disagree.

This Court has determined that because the employment relationship is contractual in nature, see *Intermountain Deaconess Home v. State* (1981), 191 Mont. 309, 623 P.2d 1384, the applicable statute of

limitations for claims involving employment relationships with no written contract is five years. See §§ 27-2-202(2) and 39-2-101, MCA. For the purposes of receiving unpaid wages, an employee may bring a claim any time within five years of the date the claim accrues. We conclude that the District Court did not err in so ruling.

ISSUE 2

Did the court err in finding that TRD had violated Montana's wage laws?

■TRD argues that the plaintiffs did not meet their burden of proof in establishing that it violated Montana's wage laws. It contends that it innocently attempted to construe § 24.16.2512(e), ARM, when it calculated its employees' overtime wages. Finally, TRD asserts that the District Court erred by finding that the plaintiffs did not know of the calculations it used to compute overtime wages.

The plaintiffs respond by contending that, in order to qualify for the salaried fluctuating pay scale found in § 24.16.2512(e), ARM, TRD was required to, and did not, mutually agree with the plaintiffs about the pay scale. They assert that the fluctuating pay scale utilized by TRD is illegal, citing *Glick v. State* (1973), 162 Mont. 82, 509 P.2d 1, cert. denied 414 U.S. 856, 94 S.Ct. 158, 38 L.Ed.2d 106.

Part 2 of the wages and wage protection chapter in Title 39 (Labor) of the Montana Code Annotated discusses the payment of wages. "Wages" is defined by § 39-3-201(7), MCA, as "any money due an employee from the employer ...."

■As to a current employee, the employer is required to pay the employee any wages earned no later than ten days after the wages are due and payable. Section 39-3-204(1), MCA. As to a terminated employee, generally the employer is required to pay the wages due within three days of termination. Section 39-3-205(1), MCA. Failure to pay wages due within these time lines is a breach of the employment contract.

Alternative means exist by which an employer may pay an employee's overtime wages. According to § 39-3-405, MCA, Montana's overtime compensation law, generally an employer is required to pay employees who work over forty hours per week one and one-half times their regular, hourly wage for overtime hours worked. Mathematically, the law requires an employer to pay the employee as follows:

(Hourly Pay) x (40) = Regular Pay

(Total Hours) - (40) = Overtime Hours

(1.5) x (Hourly Pay) x (Overtime
Hours) = Overtime Pay

(Regular Pay) + (Overtime
Pay) = Total Pay

There are, however, exceptions to the general rule. See § 39-3-405(2), MCA (farm workers exempted from overtime), and § 39-3-405(3), MCA (some seasonal student employees working at amusement or recreational areas are exempted). Additionally, the legislature has granted the Department of Labor and Industry the authority to make and revise administrative regulations to carry out the purposes of Montana's minimum wage and overtime laws. Section 39-3-403, MCA.

Most Montana employers must compute wages based on Montana's Constitution and statutes providing for an eight-hour workday rather than on the provisions of the federal Fair Labor Standards Act (FLSA). See *Glick*, 509 P.2d at 4; 29 U.S.C. § 218. The FLSA provides a floor under which a state's statutory hourly pay scheme cannot descend, but states are free to give greater benefits to their workers. See 29 U.S.C. § 218(a).

To support its pay formula, TRD relied on § 24.16.2512(e), ARM. In relevant part this regulation provides:

An employee employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many. Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the law if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate

of not less than one-half his regular rate of pay. Since the salary in such a situation is intended to compensate the employee at straight time rates for whatever hours are worked in the workweek, the regular rate of the employee will vary from week to week and is determined by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week. Payment of overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement.

The above regulation permits an employer to use a salaried, fluctuating pay scheme as long as the employer and employee mutually agree to the scheme. Mathematically that scheme can be expressed as follows:

$$\text{(Fixed Pay)} / \text{(number of hours worked up to 40)} = \text{Hourly Pay}$$

$$\text{(Total Hours Worked)} - (40) = \text{Overtime Hours}$$

$$(.5) \times \text{(Hourly Pay)} \times \text{(Overtime Hours)} = \text{Overtime Pay}$$

$$\text{(Fixed Pay)} + \text{(Overtime Pay)} = \text{Total Pay}$$

The scheme allows the employee to benefit by receiving a guaranteed, regular periodic wage and some overtime, if applicable; the employer benefits by paying out a more or less static wage to employees each pay period.

Two problems exist with the pay scheme devised by TRD. First, to determine regular pay, TRD divided fixed pay by the total number of hours an employee worked. This pay scheme, while permissible under federal law, is not permissible as applied to most employment relationships in Montana. See *Glick*, 509 P.2d at 4; *Plouffe v. Farm & Ranch Equip. Co.* (1977), 174 Mont. 313, 318, 570 P.2d 1106, 1109; *Cf. Phillips v. Lake County* (1986), 222 Mont. 42, 721 P.2d 326.

Second, the District Court found, contrary to TRD's assertions, that TRD and the plaintiffs did not mutually agree to TRD's pay scheme. This fact alone is fatal to any allegation that TRD's pay scheme fit the requirements of § 24.16.2512(e), ARM. We conclude that the court did not err in finding that TRD violated Montana's wage laws.

## ISSUE 3

Did the court err in assessing penalties against TRD?

■ TRD argues that § 39-3-207, MCA, limits the amount of statutory penalties provided for in § 39-3-206, MCA, to penalties based on unpaid wages which have accrued during the eighteen-month period prior to the filing of plaintiffs' complaint. Further, it claims that the court erred by awarding prejudgment interest on the plaintiffs' unpaid overtime wages. We disagree.

In addition to receiving unpaid wages, an employee claimant may receive statutory penalties from employers who violate Montana's wage laws. Section 39-3-206, MCA (1991), applicable here, provided:

(1) An employer, as defined in this part, who fails to pay employees as provided in this part or violates any other provision of this part is guilty of a misdemeanor. A penalty must also be assessed against and paid by the employer to the employee in an amount not to exceed 100% of the wages due and unpaid.

(2) The employer shall also pay the employee annualized interest on the unpaid wages from the date the wages were due. The interest must be calculated by the department and compounded annually, but the annualized rate may not be less than 2 percentage points a year above the prime rate of major New York banks on the date of settlement.

(3) Nothing in this section may be construed to relieve an employer from the requirement to pay an employee the full amount of wages due, including interest, if the employer is found in violation of this part.

This Court has determined that § 39-3-207, MCA, must be read in conjunction with § 39-3-206, MCA. *Pope v. Keefer* (1979), 180 Mont. 454, 591 P.2d 206. The former section provides that an employee may recover the penalties in the latter section "which have accrued ... at any time within the 18 months succeeding ... default or delay in the payment of ... wages." To determine the parameters of the eighteen-month statute of limitation, we examine when a wage claim accrues, when it commences and when, if applicable, it becomes extinct.

■ A claim arises but once, and when it accrues it remains in force until it is extinguished, satisfied, or barred by statute of limitations, irrespective of the plaintiff's knowledge of it. *Bergin v. Temple* (1941), 111 Mont. 539, 111 P.2d 286. A contractual wage claim accrues when the employer's duty to pay the employee matures and the employer fails to pay the employee. See generally §§ 27-1-104 and -105, MCA. The employer's good or bad faith is immaterial to the

accrual of the employee's wage claim and penalty assessment under Montana law. *Rosebud County v. Roan* (1981), 192 Mont. 252, 263-64, 627 P.2d 1222, 1228.

A claimant commences a claim by filing a complaint, Rule 3, M.R.Civ.P., and the rights of the parties are determined at that time. Wage claimants may either use the administrative process of filing a claim against their employer at the Department of Labor and Industry, or file an action in district court. *Boegli v. Glacier Mountain Cheese Co.* (1989), 238 Mont. 426, 777 P.2d 1303; *Dep't of Labor and Indus. v. Wilson* (1980), 189 Mont. 52, 614 P.2d 1066. Generally, inaction or delay on the plaintiff's part after the claim has accrued does not impair his right to file the complaint, subject, of course, to an applicable statute of limitation.

The eighteen-month statute of limitations in § 39-3-207, MCA, is the period of time in which an employee has to file a penalty claim against the employer. *Pope*, 591 P.2d at 213. Terminated employees have eighteen months after the third day following their termination in which to file a penalty claim. See § 39-3-205(1), MCA. Employees who are currently working for an employer have eighteen months following the employer's contract breach in which to file a penalty claim. See § 39-3-204(1), MCA. Certainly, where an employer continually fails to comport with Montana's wage laws on a monthly basis, the employee's wage claims accrue on a monthly basis.

Here two plaintiffs, Stan Craver and Lance Dubois, were terminated at the time they filed their wage claims against TRD. They were terminated during July 1991 and they filed their claims on March 27, 1992, well within the eighteen-month time period. The other three plaintiffs, Brett Lyon, James Pelletier and Jeff Tone, were continuously employed at TRD up until the time they filed their wage claims. Because their wage claims were accruing monthly, their complaint was filed within the eighteen-month period, also.

Employees who filed wage claims within the eighteen-month period described in § 39-3-207, MCA (1991), are entitled to receive penalties not to exceed 100 percent of the unpaid wages for a period of five years prior to the filing of the complaint. Section 39-3-206(1), MCA (1991). Successful wage claimants are also entitled to receive annualized interest on the unpaid wages. See § 39-3-206(2), MCA (1991). We conclude that the District Court did not err in awarding plaintiffs statutory penalties totaling 100 percent of their unpaid wages and annualized interest.

## ISSUE 4

Did the court err in ordering TRD to pay plaintiffs' attorney fees?

[14] TRD argues that the plaintiffs did not timely file their memorandum of costs with the District Court. We disagree.

As provided by statute, claimants in whose favor a judgment is rendered may recover or tax costs, including attorney fees, by delivering a copy of the memorandum of costs to the court and to the adverse party within five days of the judgment. Section 25-10-501, MCA.

The court in the instant case issued its findings of fact, conclusions of law and order on June 14, 1993, which provided:

Plaintiff's attorney shall submit to Defendant an Affidavit of Costs and Attorney's Fees to which Defendant may file a response. The Court will order such attorney fees and costs after hearing. Plaintiffs attorney shall prepare an appropriate judgment.

On June 17, 1993, the plaintiffs filed their memorandum of costs, detailing costs and stating that attorney fees would follow in a separate affidavit. Plaintiffs sent this notice of taxing their attorney fees, the amount of which had yet to be fixed by the court after hearing, well within the applicable time limit set by statute. We hold that they satisfied the requirements of § 25-10-501, MCA, and therefore conclude that the District Court did not err.

Affirmed.

JUSTICES HARRISON, HUNT, TRIEWEILER and WEBER concur.