No. 02-472

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 96N

BARBARA FLETCHER,

       Plaintiff and Appellant,

   v.

PARK COUNTY,

       Defendant and Respondent.


APPEAL FROM:    District Court of the Sixth Judicial District,
                   In and for the County of Park, Cause No. DV-01-105,
                   The Honorable Mark L. Guenther, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

           John Frohnmayer, Attorney at Law, Bozeman, Montana

       For Respondent:

           Michael Dahlem, Attorney at Law, Bigfork, Montana


                            Submitted on Briefs:  November 14, 2002

                                    Decided:  April 23, 2003

Filed:

                _____
                              Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Barbara Fletcher ("Fletcher"), a former employee of Park County, Montana, filed a claim against Park County for wage and hour violations. The District Court granted Park County's motion for summary judgment, ruling that her claim was barred by the applicable statute of limitations. Fletcher appeals. Affirmed in part, reversed in part and remanded for proceedings consistent with this Opinion.

¶3 We address the following issues on appeal:

¶4 1. Did the District Court err when it concluded that Fletcher's claim was barred by the statute of limitations?

¶5 2. Did the District Court err when it concluded no issue of material fact existed regarding an alleged waiver of a statute of limitations defense?

BACKGROUND

¶6 Barbara Fletcher was employed by Park County ("County") from March 1997 until May 2001. On February 7, 2000, Fletcher filed a wage claim against the County with the Montana Department of Labor and Industry, alleging she was not paid certain wages to which she was entitled. The claim was dismissed and Fletcher appealed, requesting an

2

administrative hearing pursuant to § 24.16.7537, ARM. Fletcher's claim was transferred to the Hearing Bureau, Legal/Centralized Services Division on February 27, 2001. Pursuant to § 39-3-216, MCA, the matter was then referred to mediation prior to scheduling of the administrative hearing.

¶7 After the March 29, 2001, mediation session, the County concluded that Fletcher had not been paid for three holidays she worked in 1999 and 2000. On September 13, 2001, the County paid Fletcher $346.76 for the aforementioned holidays.

¶8 Fletcher filed a complaint with the District Court on September 24, 2001. She claims the County failed to pay her on dates ranging from January 1, 1998, through January 11, 2000.

## STANDARD OF REVIEW

¶9 We review a district court's grant of summary judgment *de novo,* applying the same evaluation under Rule 56, M.R.Civ.P., as the district court. *Vivier v. State Dept. of Transp.,* 2001 MT 221, ¶ 5, 306 Mont. 454, ¶ 5, 35 P.3d 958, ¶ 5.

## DISCUSSION

## ISSUE ONE

¶10 Did the District Court err when it concluded that Fletcher's claim was barred by the statute of limitations?

¶11 Fletcher filed her claim against the County on September 24, 2001. She alleged the County failed to give her holiday pay she earned. She alleges violations spanning from January 1, 1998, to January 11, 2000.

3

¶12     Section 39-3-206, MCA, provides for a penalty for employers who fail to pay wages as required by statute. Section 39-3-207, MCA, defines the period within which an employee may recover wages and penalties. The Montana Legislature amended § 39-3-207, MCA, in 1999. Prior to 1999, the statute stated, in relevant part:

> Any employee may recover all such penalties as are provided for in the violation of 39-6-206 which have accrued to him at any time within 18 months succeeding such default or delay in the payment of such wages.

Section 39-3-207, MCA (1997). In other words, the statute provided an 18-month statute of limitations for claiming a statutory penalty, but was silent as to a deadline for claiming unpaid wages. The current version of § 39-3-207, MCA, as amended in 1999, provides that "[a]n employee may recover all wages and penalties provided for the violation of 39-3-206 by filing a complaint within 180 days of default or delay in the payment of wages." The effective date of the current statute was April 23, 1999.

¶13     In its Order granting summary judgment in favor of the County, the District Court applied the 18-month statute of limitations to Fletcher's claims for wages and statutory penalties that accrued prior to April 23, 1999. The District Court reasoned that a complaint for the pre-1999 claims would have had to have been filed by October 23, 2000, 11 months before she filed her complaint. As for her claims which arose after April 23, 1999, the District Court applied the 180-day statute of limitations instituted in § 39-3-207, MCA (1999), and concluded the statute of limitations had also expired as to those claims.

¶14     Fletcher claims that the District Court erred by ruling that § 39-3-207, MCA (1997), establishes a period of 18 months from the default or delay for the recovery of her pre-1999

4

wage claim. On appeal, both Fletcher and the County agree that § 39-3-207, MCA (1997), is silent regarding a limitation for filing wage claims; it only establishes a limitation regarding penalties for default or delay.

¶15 The parties disagree, however, on what statute of limitations should apply to the pre-1999 wage claims. We addressed a similar issue in *Craver v. Waste Mgt. Partners of Bozeman* (1994), 265 Mont. 37, 874 P.2d 1 (overruled on other grounds by *In re Estate of Lande*, 1999 MT 179, 295 Mont. 277, 983 P.2d 316). In *Craver* we concluded that it was necessary to borrow a limitation period for wage claims from another statute since no specific statute of limitation existed at the time for wage claims. We adopted the 5-year limitation period found in § 27-2-202(2), MCA, which applies to contracts, because an employment relationship is contractual in nature. *Craver*, 265 Mont. at 40-41, 874 P.2d at 3. With regard to any penalty claimed, it is clear that such claims must be filed within 18 months from the default or delay. *Craver*, 265 Mont. at 45, 874 P.2d at 5.

¶16 The County argues that *Craver* does not control the present facts because Fletcher's claim is based on a statutory entitlement to holiday pay. Therefore, the claim is not contractual but statutory. The County further argues that this case is controlled by our decision in *Teamsters v. Cascade County School District No. 1* (1973), 162 Mont. 277, 511 P.2d 339, where we held the applicable statute of limitations for a wage claim by a nonteaching school district employee for paid vacation leave was 2 years because the entitlement was created by statute. *See*, § 27-2-211(1)(c), MCA.

5

¶17 Our review of *Teamsters* reveals that the statute of limitations was not an issue in the appeal and our reference to a 2-year limitation was dicta. In light of our clear and unequivocal statement in *Craver*, we agree with Fletcher that the 5-year statute found in § 27-2-202(2), MCA, controls for her wage claims while the 18-month statute found in § 39-3-207, MCA (1997), controls her claims for penalties.

¶18 We next turn to Fletcher's claims that are controlled by the 1999 revisions of § 39-3-207, MCA. Fletcher argues that the County delayed paying her, in the very least as to the $374.76 payment made on September 13, 2001. Fletcher focuses on the statutory language which provides that the complaint must be filed "within 180 days of default or *delay* in payment of the wages." Section 39-3-207, MCA (emphasis added). Since Fletcher filed her complaint on September 24, 2001, just eleven days after the payment, she urges us to conclude her complaint was filed well before the expiration of the 180-day statute of limitations.

¶19 The County responds by again directing us to *Craver*. In *Craver* we held that a contractual wage claim accrues when the "employer's duty to pay the employee matures and the employer fails to pay the employee." *Craver*, 265 Mont. at 44, 874 P.2d at 5. The County argues that the insertion of "delay" in the statute was for purposes of calculating the penalty. Any other interpretation would make it difficult to see how the Department of Labor and Industry could determine an appropriate penalty. We agree with the County. It is clear the word "delay" was included in the statute for purposes of computing the penalty. Therefore, since none of Fletcher's claims are within 180 days of September 24, 2001, we

agree with the County that as to her claims that accrued after April 23, 1999, such claims are time-barred.

¶20     Fletcher next argues that the September 13, 2001, payment by the County of $374.76 revives the statute of limitations pursuant to § 27-2-409, MCA.  Section 27-2-409, MCA, states, in relevant part:

> (1) An acknowledgment or the part payment of a debt is sufficient evidence to cause the relevant statute of limitations to begin running anew.
> (2) An acknowledgment must be contained in some writing signed by the party to be charged thereby.

In response, the County argues that the payment did not constitute an acknowledgment or partial payment of a larger debt; it contends the payment constituted the full amount due to Fletcher.

¶21     We note, however, that Fletcher did not present her "revival" theory to the District Court until she filed her Motion to Alter or Amend Judgment based upon Rule 59(g), M.R.Civ.P., after the District Court had entered judgment in favor of the County.  In *Nelson v. Driscoll* (1977), 285 Mont. 355, 360-61, 948 P.2d 256, 259, we stated that despite the fact that Rule 59, M.R.Civ.P., does not identify any specific grounds for a motion to alter or amend judgment, commentators have identified four areas where parties have had success in their pursuit of such motions: (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to raise newly discovered or previously unavailable evidence; (3) to prevent manifest injustice resulting from, among other things, serious misconduct of counsel; or (4) to bring to the court's attention an intervening change in controlling law.

7

¶22 In *Nelson*, we also looked to federal cases interpreting the federal counterpart to Montana's Rule 59, M.R.Civ.P. We stated, "A motion to alter or amend is 'not intended merely to relitigate old matters nor are such motions intended to allow the parties to present the case under new theories.'" *Nelson*, 285 Mont. at 360-61, 948 P.2d at 259 (citing *Diebitz v. Arreola* (E.D.Wis. 1993), 834 F.Supp. 298, 302).

¶23 Fletcher essentially raised a new theory with the District Court when it presented the "revival" argument in its Motion to Alter or Amend Judgment. As we explained in *Nelson*, this practice of raising new issues in such a motion is not allowed, nor is it permitted on appeal. Therefore, we decline to entertain Fletcher's "revival" argument on its merits.

ISSUE TWO

¶24 Did the District Court err when it concluded no issue of material fact existed regarding an alleged waiver of a statute of limitations defense?

¶25 Fletcher also argues that summary judgment should have been precluded because a genuine issue of material fact exists. She contends the County agreed to waive the statute of limitations, an allegation the County denies.

¶26 A district court may grant a summary judgment motion when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. This Court's standard of review of a summary judgment motion is the same as that of the district court. *Minnie v. City of Roundup* (1993), 257 Mont. 429, 431, 849 P.2d 212, 214. The moving party must establish that there is a "complete absence of any genuine issue of material fact." *D'Agostino v. Swanson* (1990), 240 Mont. 435, 442, 784 P.2d

8

919, 924. While the initial burden is on the movant, the non-moving party must then produce some evidence which shows a genuine issue of fact is in question. This can be done through sworn testimony or affidavits. *First Security Bank of Anaconda v. Vander Pas* (1991), 250 Mont. 148, 152, 818 P.2d 384, 386. Mere conclusory or speculative statements will not raise a genuine issue of material fact. *Anderson v. Burlington Northern, Inc.* (1985), 218 Mont. 456, 462, 709 P.2d 641, 645. In *Palin v. Gebert Logging, Inc.* (1986), 220 Mont. 405, 407, 716 P.2d 200, 202, we stated, "summary judgment is proper when the party opposing the motion fails either to raise or to demonstrate the existence of the genuine issue of material fact, or to demonstrate that the legal issue should not be determined in favor of the movant."

¶27 In the District Court, Fletcher submitted an affidavit dated January 11, 2002, in support of her brief opposing the County's motion for summary judgment. In ¶ 7 of the affidavit, Fletcher states:

> When I began negotiating with the County on these issues, both the County and I agreed that the Statute of Limitations would be waived during the time that we were negotiating. The County by its Motion herein, has reneged upon and violated that agreement.

¶28 The first sentence of ¶ 7 of Fletcher's affidavit is sufficient to preclude summary judgment. It shows a genuine issue of material fact exists for the finder of fact to determine.

¶29 The County argues that Fletcher's statement does not satisfy the requirements of Rule 56(e), M.R.Civ.P., because it is not based on personal knowledge. This assertion is

9

nonsensical. If Fletcher and the County entered into an agreement, as Fletcher purports is the case, then her statement necessarily must be based upon personal knowledge.

¶30 The County argues further that summary judgment was proper because Fletcher's "waiver assertion was clearly disputed by the County in an affidavit executed . . . on April 19, 2002 . . . ." This statement shows that the County misunderstands the essence of summary judgment. Through this statement, the County demonstrates that even it believes a material fact is in dispute, which by definition means summary judgment should not have been granted.

¶31 Affirmed in part, reversed in part and remanded for proceedings consistent with this Opinion.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ TERRY N. TRIEWEILER
/S/ JIM RICE