DA 08-0533

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 246

DAVID W. JENSEN,

        Plaintiff and Appellant,

v.

STATE OF MONTANA,
DEPARTMENT OF TRANSPORTATION,

        Defendant and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
                    In and For the County of Lewis and Clark, Cause No. BDV 2008-156
                    Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Ronald F. Waterman; Gough, Shanahan, Johnson & Waterman;
                Helena, Montana

        For Appellee:

                Hon. Steve Bullock, Montana Attorney General; David L. Ohler,
                Special Assistant Attorney General; Helena, Montana

                            Submitted on Briefs:  May 13, 2009

                                    Decided:  July 21, 2009

Filed:

_____
                    Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     After determining David W. Jensen had not timely filed his wage claim, the First Judicial District Court, Lewis and Clark County, granted the Montana Department of Transportation (MDT) summary judgment in this action for reimbursement for overtime wages. Jensen appeals. We affirm.

¶2     The issue is whether genuine issues of material fact barred summary judgment.

BACKGROUND

¶3     Jensen began working for MDT as a fiscal programmer in 1985. Until 2007, his position was classified as a supervisory position so that he was exempt from entitlement to overtime compensation for hours worked in excess of the standard 40-hour work week. *See* § 39-3-406, MCA. Jensen's position was reclassified in 2007, entitling him to overtime pay.

¶4     Jensen filed his complaint initiating this action in the District Court on February 19, 2008. He alleged that reclassification of his position was begun in January of 1998 and finally completed in July of 2007, and that he was entitled to reimbursement for all overtime he worked during that 9½ year period, but that he had been paid overtime only for a 15-month period from March 2006 to July 2007. Jensen requested an award of additional overtime payment of $71,500 together with statutory penalties and attorney fees.

¶5     MDT moved for summary judgment on grounds that Jensen's position was reclassified on June 8, 2007, and Jensen received his last paycheck not including overtime on June 20, 2007, but Jensen did not file his complaint within the 180 days

2

thereafter allowed under § 39-3-207(1), MCA. In opposing the motion for summary judgment, Jensen filed a copy of an email message showing that, on July 9, 2007, he received a copy of a May 18, 2007 report reclassifying his position. The District Court determined the copy of the email message did not create an issue of material fact for summary judgment purposes. As a result, the court granted MDT's motion. Jensen appeals.

## STANDARD OF REVIEW

¶6 We review a district court's grant of summary judgment *de novo*, based on the same criteria applied by the district court. *Germann v. Stephens*, 2006 MT 130, ¶ 21, 332 Mont. 303, 137 P.3d 545. Under M. R. Civ. P. 56(c), a motion for summary judgment shall be granted if "the pleadings . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the initial burden of establishing the absence of genuine issues of material fact. The burden then shifts to the party opposing the motion to produce substantial and material evidence showing the existence of a genuine issue of material fact. *McGinnis v. Hand*, 1999 MT 9, ¶ 6, 293 Mont. 72, 972 P.2d 1126.

## DISCUSSION

¶7 *Did genuine issues of material fact bar summary judgment?*

¶8 Pursuant to § 39-3-207(1), MCA, an employee may recover all wages and penalties provided for violation of § 39-3-206, MCA, by filing a complaint "within 180 days of default or delay in the payment of wages." In support of its motion for summary

judgment on grounds that Jensen did not timely file his claim, MDT filed two affidavits. In one affidavit, MDT employee Jennifer Jensen averred that, on or about June 6, 2007, MDT determined Jensen's reclassified position was nonexempt from federal and state overtime laws. MDT also filed an affidavit of its employee Linda McKinney, who averred that she had reviewed documents and records kept regarding Jensen in the regular course of business; the last day Jensen worked more than 40 hours in a work week prior to the conversion of his position from supervisory to hourly was June 8, 2007; and payment for that pay period was made on June 20, 2007. MDT asserted that Jensen had 180 days from June 20, 2007—or until December 17, 2007—in which to file a wage claim, and that his February 19, 2008 complaint was filed too late.

¶9 On appeal, Jensen claims the documents filed with the District Court demonstrate a genuine issue of material fact as to when the statute of limitations for filing his wage claim began to run. He points out that, in her affidavit, McKinney stated, "based upon my review of the business records, on July 18, 2007, the Department retroactively paid Mr. Jensen for the overtime he had earned between March 18, 2006, and July 1, 2007." Jensen asserts this testimony confirmed that MDT had defaulted or delayed in the payment of his wages up until July 18, 2007, and that he filed his claim within 170 days of being paid delayed overtime wages.

¶10 Jensen did not raise this argument in the District Court. We generally do not consider arguments not presented to the district court and raised for the first time on appeal. *See State v. Mallak*, 2005 MT 49, ¶ 31, 326 Mont. 165, 109 P.3d 209.

¶11 At any rate, the established rule is that a wage claim under § 39-3-207, MCA,

4

accrues when the employer's duty to pay the employee matures and the employer fails to pay the employee. *See Craver v. Waste Mgt. Partners of Bozeman*, 265 Mont. 37, 44, 874 P.2d 1, 2 (1994), *overruled in part on other grounds, In re Estate of Lande*, 1999 MT 179, ¶ 15, 295 Mont. 277, 983 P.2d 316. "[W]hen an employer continually fails to comport with Montana's wage laws on a monthly basis, the employee's wage claims accrue on a monthly basis." *Craver*, 265 Mont. at 45, 874 P.2d at 5. In this case, McKinney's affidavit states that the last date on which MDT failed to pay Jensen for overtime was June 20, 2007.

¶12   Jensen also points out that neither affidavit filed by MDT discloses when MDT first advised him that his position had been reclassified from supervisory to hourly. Jensen states the only evidence of what he knew is the July 9, 2007, email he received from MDT, advising him that his classification had been changed. He maintains that, because he filed a claim against MDT within 180 days of receiving that email message, the statute of limitations had not run before he filed his complaint.

¶13   There are several problems with this argument. First, as the District Court noted, the copy of the email message proffered by Jensen does not constitute sworn testimony establishing that he did not become aware of the reclassification of his position until July 9, 2007. Unauthenticated documents cannot be considered for purposes of raising genuine issues of material fact which would preclude summary judgment. *Smith v. Burlington N. & Santa Fe Ry. Co.*, 2008 MT 225, ¶ 47, 344 Mont. 278, 187 P.3d 639. Further, under the rule established in *Craver*, the date on which Jensen became aware that his position had been reclassified is not a material fact and has no legal effect on when

5

his wage claim accrued.

¶14 The pleadings and affidavits of record establish that the last date on which MDT failed to pay Jensen for overtime was June 20, 2007. Jensen did not file his complaint within 180 days after that date, as required under § 39-3-207, MCA. As a result, we hold the District Court did not err in granting summary judgment to MDT.

¶15 Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JOHN WARNER
/S/ JIM RICE

Justice James C. Nelson concurs.

¶16 I concur in the result of the Court's decision on the basis of Jensen's procedural defaults as set forth in the Opinion, ¶¶ 10 and 13. That said, I cannot agree that an employee's wage claim can accrue for purposes of the § 39-3-207, MCA, 180-day filing requirement before the employer either gives adequate notice to the employee of his or her change in pay status, or before the employee discovered—or, with reasonable diligence, could have discovered—his or her change in pay status. In my view, a mere change in pay reflected on the pay stub, without more, is not adequate notice for that purpose. And, if *Craver v. Waste Mgt. Partners of Bozeman*, 265 Mont. 37, 874 P.2d 1

6

(1994), stands for a different rule, then I would overrule it. If the employee's injury—here his claim for unpaid wages—is either concealed by the employer or, because of lack of adequate notice, is self-concealing, then the 180-day statute of limitations must be tolled. *See McCormick v. Brevig*, 1999 MT 86, ¶¶ 100-101, 294 Mont. 144, 980 P.2d 603. Employees who are legitimately owed unpaid wages should not be victimized by the employer's "gotcha" approach. With that caveat, I concur.

/S/ JAMES C. NELSON

7