JUSTICE NELSON
concurs.
¶16 I concur in the result of the Court’s decision on the basis of Jensen’s procedural defaults as set forth in the Opinion, ¶¶ 10 and 13. That said, I cannot agree that an employee’s wage claim can accrue for purposes of the §39-3-207, MCA, 180-day filing requirement before the employer either gives adequate notice to the employee of his or her change in pay status, or before the employee discovered-er, with reasonable diligence, could have discovered-his or her change in pay *447 status. In my view, a mere change in pay reflected on the pay stub, without more, is not adequate notice for that purpose. And, if Craver v. Waste Mgt. Partners of Bozeman, 265 Mont. 37, 874 P.2d 1 (1994), stands for a different rule, then I would overrule it. If the employee’s injury-here his claim for unpaid wages-is either concealed by the employer or, because of lack of adequate notice, is self-concealing, then the 180-day statute of limitations must be tolled. See McCormick v. Brevig, 1999 MT 86, ¶¶ 100-101, 294 Mont. 144, 980 P.2d 603. Employees who are legitimately owed unpaid wages should not be victimized by the employer’s “gotcha” approach. With that caveat, I concur.